UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA
Washington, DC

FILED
JAN 30 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

GRETA CRAWFORD,        )
Petitioner/Plaintiff,  )
                       )
v.                     )   Civil Action No.:
                       )   1:05-mc-00521-JDB
UNITED STATES OFFICE OF PERSONNEL   )
MANAGEMENT, Defendants.             )
                                    )

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE MOTION TO CONTINUE**

No timely or complete response to the plaintiff's discovery requests was made, warranting sanctions. As a consequence, the plaintiff filed Motions to Compel 1) the DC Attorneys on January 5, 2006, 2) the US Office of Personnel Management ["OPM"] on December 16, 2005, and 3) the Federal Bureau of Investigation ["FBI"] on January 4, 2006. Generally, twenty days is given to respond to a motion. The defendants should have responded to the Motions to Compel.

The plaintiff's Motion to Reconsider is written to object to the US Attorneys request to the lengthy time extension. Furthermore, no extension should have been granted to the FBI or OPM, since this Texas court has refused all other extensions, even those directly affected by hurricane Katrina, where the Fifth Circuit was delayed in an interlocutory matter, and where discovery from New Orleans entities is truly affected.

Alternatively, the plaintiff seeks a ruling from the court prior to the Texas discovery deadline.[1] Evidently, this brief will also have to serve as a reply in the event the plaintiff never gets a chance to reply.

**I. BACKGROUND**

On January 13, 2006, the Court ordered the Motions to Compel to be consolidated, and ordered discovery responses by January 23, 2006. The need for discovery, the incomplete or total failure to respond, and the reasons for sanctions and granting costs are already set forth in the Motions to Compel. The plaintiff needs complete discovery responses to produce her dispositive motion which is due on March 6, 2006. The FBI and OPM attorney asked the plaintiff for a two day

---

[1] The FBI, US Attorneys and OPM do not have common requests about scheduling or common or defenses. Consolidation under the same case number is because the cases are related to the Texas court litigation.

1

extension to respond to the January 13, 2006 order. The plaintiff agreed, making their deadline to respond to the plaintiff with discovery on **January 25, 2006**. The plaintiff obviously filed Motions to Compel because there is no more time, and they all had enough time to respond, and they all did not need such a lengthy extension and did not ask for it. The Washington, DC US Attorneys claimed that its Motion to Compel did not arrive. The DC US Attorney's Motion to Continue is not dated.

The time to comply was prior to the filing of the Motions to Compel. If the entities did not want a Motion to Compel or costs or sanctions to be imposed, then reasonable discovery responses, or any response as the case may be, should have been provided prior to the thirty days.

### III. DC US ATTORNEY REQUEST FOR A LENGTHY EXTENSION SHOULD BE DENIED AND SHOULD NEVER HAVE BEEN APPLIED TO THE FBI OR OPM

The US Attorneys were requested to respond with information about the Office being on notice of the plaintiff's complaint against a former boyfriend and her evidence, including photographs. As the plaintiff stated in her Motion to Compel, the 1996 matter was marked by irregularities.[2] The information is necessary for the plaintiff's whisteblowing claim and other affirmative claims since the defendant in the Texas case, DHS, lost its claim based on the 1996 DC matter, and DHS did not appeal.

The DC US Attorneys Office sought a continuance to file a response to the Motion to Compel on the grounds that the Motion did not arrive at the office. An extension at this late hour is problematic. On January 3, 2006, the plaintiff filed a Motion to Continue discovery in the Texas District Court which provides the court of written notice that that the parties to the Texas case (DHS and the plaintiff) agreed to extend the discovery period until February 28, 2006. Respecting agreed extensions, the June 13, 2005 Texas scheduling order states that the "court will not entertain any discovery dispute that is the result of an agreed extension." In other words, the Texas court will not hear any motions after February 6, 2006 unless the Motion to Continue is signed. The Texas Court has not responded to the Motion to Continue. Thus, the plaintiff treats the February 6, 2006 deadline as set.

---

[2] The Motion to Compel gave examples of how the 1996 dismissed DC case was irregular. For example, the DC US Attorney continued questioning after the dismissal of the case. At that time, the stenographer stopped taping when the dismissal was declared, not when all talking had necessarily stopped and accordingly, the transcript excluded the information that showed that strangers in the court audience -- plants -- were involved in the disruption. Another irregularity, the warrant was issued despite the fact that the boyfriend was found by the police hiding in the plaintiff's closet in his underwear after he had been evicted from his apartment in the same building and ordered by the landlord not to reenter. The plaintiff photographed him breaking into the window and took the material to the US Attorneys Office. No warrant should have issued against the plaintiff under these circumstances, and the face of the warrant showed that the plaintiff was the victim. The warrant also mis-described facts and physical characteristics, a sign that witnesses were not used to construct the warrant.

By the wording of the scheduling order, the Washington, DC court may not be precluded from entertaining the dispute, but the Texas court ordered all discovery completed. "By February 6, 2006, all discovery -- including discovery concerning expert witnesses -- shall be completed." DC Motion to Continue, Exhibit 1, at p. 4 (Scheduling order). In other words, discovery in this case must in all likelihood be completed before the February 6, 2006 deadline, and the plaintiff will not have adequate time to prepare her brief for the March 6, 2006 deadline for dispositive motions when all the entities, not just one, send last minute, untimely responses.

The US Attorneys sought an extension to produce a brief about Touhy polices. See Jan. 5, 2006 Plaintiff Motion to Compel and undated DC Motion to Continue. Touhy policies are used to obtain information from agencies when they are not a party. 28 CFR s. 16.21(d) ("only intended to provide guidance for the internal operations of the Department of Justice"). The policies do not apply where 1) the government is a party, and 2) another mechanism is in place for obtaining information from agencies.

1) As stated in the plaintiff's Motion to Compel, the United States is a party, and agencies must produce discovery when a party. Lerner v. District of Columbia, 2005 US Dist LEXIS 10154, *6 (2005). Hence, discovery is available with or without a subpoena from a federal agency when the United States is a party. In fact, OPM requested its subpoena to be from Washington, DC rather than the Texas court. *App. 1 Cover Letter for Second Subpoena to OPM, p. 1.* Moreover, DOJ is arguably a party since rights, liabilities, and other matters transferred from INS at DOJ, where the plaintiff initially applied, to DHS.[3]

2) The plaintiff is not required to undergo a multitude of administrative regimens in the same suit. The plaintiff already complied with appropriate federal administrative regimen for obtaining for federal civil service suits at the Merit Systems Protection Board.[4] The Merit Board administrative regulations are an adequate mechanism to obtain information. The civil service regulations, set forth for Merit Systems Protection Board proceedings, serve the same purpose as Touhy regulations and in fact supercede the general policy set forth in agency Touhy regulations. The Merit Board's power to issue subpoenas, even through the district court, is clear. AFGE Local 922 v. Ashcroft, 354 F.Supp.2d 909, 911-913 (E.D.Ark. 2003) ("[t]he Merit Systems Protection Board is statutorily authorized to issue subpoenas and to seek enforcement in a United

---

[3] See 6 USC s. 251 (transfer of functions from DOJ to DHS when INS moved to DHS).

[4] The Merit Systems Protection Board regulations put in place an adequate system for retrieving documents. 5 CFR s. 5.4 (*agency documents and testimony shall be made available to the Merit Systems Protection Board*). 5 CFR s. 1201.73(b) (discovery from non-parties including a non-party federal agency or employee should be obtained voluntarily. If there is no cooperation, the material can be obtained by filing a motion with the judge showing the relevance, scope, and materiality of the information. The "authorized official of the Board will issue a ruling on the motion, and will serve the ruling on the moving party. That official will also provide that party with a *subpoena*, if approved, that is directed to the individual or *entity* from which discovery is sought.") (Emphasis added). See Id. at (c)(2) (motion to compel). 5 CFR s. 1201.81 (subpoena requests for documents or testimony are filed by motion and are not ordinarily required for federal employees).

3

States District Court."). Id. at 912. Justification for considering an agency a person amenable to a subpoena exists under Merit Board regulations. Lerner at *14 (discussing "justification" for overcoming any presumption that a government agency is not a person).

In sum, the notion that a sovereign is not a person that can be served with a subpoena first, does not comport with affirmative contrary showings in the Merit Board regulations, and second, is irrelevant where as a party, no subpoena is necessary to obtain a response from the federal agency. 5 CFR s. 1201.73.

The DC US Attorneys did not respond to the administrative request under Merit Board rules and should clearly not now choose a second administrative regimen for supplying information at its convenience. Finally, where Merit Board precedent is fairly obscure, it is bad precedent to impose a second administrative regimen. Merit Board proceedings can cover more than a decade, and can consequently cover many states and many federal offices. There is no set of Merit Board reporters in the City of Dallas, Texas. A litigant relies on the Merit Board website and the Code of Federal Regulations that state that a federal agency or employee is subject to the authority of a Merit Board for requests of information with or without a subpoena. And though not ordinarily required, a subpoena can be issued for a federal employee. See n. 4.

In conclusion, the document request was proper with or without a subpoena, and sanctions and costs for non-compliance with discovery is due. The US Attorneys argument is a red-herring, and the undated Motion to Continue from the DC US Attorneys, combined with the package-screening hold-ups, and refusal of the Texas court to provide necessary continuances has left the plaintiff in real danger of never receiving discovery. For those reasons, a Motion to Continue from the FBI and OPM should never have been entertained and was not requested by that attorney. The plaintiff told that attorney that she knew these extensions were merely sought to prevent drafting of her dispositive motion. **The Dallas US Attorney representing OPM and the FBI agreed to an extension with the plaintiff only until January 25, 2006.**

Respecting the Plaintiff's request for sanctions and costs, some jurisdictions charge $200 per page of the plaintiff's briefs as costs in such instances.

WHEREFORE, the plaintiff requests that the Continuance not be granted, or alternatively, that the Motion to Compel the US Attorneys still be resolved before February 6, 2006.

DATED this 27 day of January 2006.

Signed,

Greta Crawford, Plaintiff
5702 Victor Street #6
Dallas, TX 75214
Tel: (214) 828-1670

4

## CERTIFICATE OF SERVICE

I, Greta Crawford, do hereby certify that a true and correct copy of the attached Plaintiff's Reconsideration of Continuance is being sent by mail on this date, one original and one copy to the court for filing, and one copy to the Dallas US Attorney for DHS and one copy to the DC US Attorney. The plaintiff is also sending a copy by fax to the Dallas and DC US Attorneys.

Clerk's Office
US District Court for the District of Columbia
333 Constitution Ave., NW
Washington, DC 20001

Mr. Steve Fahey
United States Attorney's Office
1100 Commerce Avenue, 3rd Floor
Dallas, TX 75242-1699
Tel: (214) 659-8600
Fax: (214) 767-2916

Stratton Strand
United States Attorney's Office
Judiciary Center
555 Fourth Street, NW
Washington, DC 20530
Tel: (202)514-8780

Dated this January 27, 2006.

Signed,

Greta Crawford, Petitioner
5702 Victor St. # 6
Dallas, TX 75214
Tel: (214) 828-1670