UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRETA CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Miscellaneous Action No. 05-521 (JDB) |
| ) | |
| UNITED STATES OFFICE OF ) | |
| PERSONNEL MANAGEMENT, et al., ) | |
| ) | |
| Defendants. ) | |

### NON-PARTY UNITED STATES ATTORNEY'S OFFICE'S MOTION TO QUASH SUBPOENA AND OPPOSITION TO MOTION TO COMPEL

The United States Attorney's Office for the District of Columbia ("USAO-DC"), by and through its undersigned counsel, respectfully moves to quash the subpoena for documents served on USAO-DC by Greta Crawford, and requests that the Court deny Crawford's "Motion to Compel Discovery from the DC US Attorneys and Requests for Sanctions and Costs" (Dkt. 2). In support of this motion and opposition, USAO-DC respectfully refers the Court to the attached memorandum of points and authorities.

Respectfully submitted,

_Kenneth L. Wainstein / duh_
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_R. Craig Lawrence_
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_[signature]_
STRATTON C. STRAND, D.C. BAR # 464992
Assistant United States Attorney
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7236

JOHN MARSHAL
FEB 6 2006
ENTRANCE

RECEIVED
FEB 06 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRETA CRAWFORD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OFFICE OF )<br>PERSONNEL MANAGEMENT, et al., )<br>)<br>Defendants. )<br>_____) | Miscellaneous Action No. 05-521 (JDB) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NON-PARTY UNITED STATES ATTORNEY'S OFFICE'S MOTION TO QUASH SUBPOENA AND OPPOSITION TO MOTION TO COMPEL

#### I. INTRODUCTION

This matter arises from a civil action brought by Greta Crawford against the United States and the Department of Homeland Security in the Northern District of Texas, Crawford v. U.S., et al., Civ. No. 04-2619 (N.D. Tex. filed Dec. 9, 2004) (hereinafter Crawford I). Neither USAO-DC, nor the Department of Justice ("DOJ") (of which USAO-DC is a component), is a party to Crawford I. The Court should quash Crawford's subpoena because: (1) a federal agency is not a "person" within the meaning of Rule 45 of the Federal Rules of Civil Procedure and therefore is not subject to a third-party subpoena; (2) Crawford has failed to comply with DOJ's Touhy regulations; (3) Crawford cannot show that the documents she seeks from USAO-DC are relevant to any claim or defense in the underlying action; and (4) most of the documents Crawford seeks are privileged.

## II. BACKGROUND

Crawford I is a "mixed case" appeal (see 5 U.S.C. § 7703) of a determination by the Merit Systems Protection Board ("MSPB") upholding a decision by the Department of Homeland Security ("DHS") that Crawford was unsuitable for employment as an Immigration Inspector. While Crawford's complaint initially contained 23 claims, only three remain. Specifically, on June 13, 2005, the District Court in the Northern District of Texas ("the Texas Court") dismissed all claims except the following: (1) Crawford's claim seeking review of the MSPB decision; (2) her claim that DHS violated the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8); and (3) her claim that DHS discriminated against her on the basis of her race, sex, and alleged disability. See Texas Court's Order of June 13, 2005 (04-2619, Dkt. 54) at 2, n.2, and at 10.[1]

On December 13, 2005, Crawford faxed to USAO-DC's Civil Division a letter dated October 28, 2005. The letter appended a document addressed to the U.S. Attorney's Office for the District of Columbia entitled "Plaintiff's First Request for Production of Documents," and a subpoena directing the U.S. Attorney's Office to produce the documents described in the request for production of documents. A true copy of Crawford's December 13, 2005,

---

[1] For the Court's convenience, USAO-DC has attached hereto as Exhibit A a copy of the Texas Court's order.

2

letter is attached hereto as Exhibit B. Crawford's request for production of documents purported to direct USAO-DC to do the following:

> Produce all documents in your possession that discuss the plaintiff, describe how information was acquired about the plaintiff, and describe any distribution of information about the plaintiff. Your response likely will include information pertaining to two cases. One case involved a Washington, DC Officer, who is a tall, black female likely named Marshal, and a US Attorney of perhaps Indian or Pakistani descent whose last name may begin with V. They were given a complaint about entries by Randy Emery into the plaintiff's home by window. The second case, No. M11876-96, was dismissed in the Superior Court of the District of Columbia. The second case involved US Attorneys Robert Spagnoletti and Amy Salvin, and Washington, DC officer Sheryl Harley.

See Exhibit B, Request for Production of Documents at 2.

By letter dated December 23, 2005, the undersigned informed Crawford that USAO-DC would not comply with her subpoena. The letter explained that her subpoena was invalid, *inter alia*, because DOJ is not a party to the underlying litigation and therefore cannot be considered a "person" subject to subpoena under Fed. R. Civ. P. 45; her subpoena sought privileged documents; and she had failed to comply with DOJ's "Touhy" regulations, 28 C.F.R. §§ 16.21 - .29. A true copy of USAO-DC's letter of December 23, 2005, is attached hereto as Exhibit C.[2]

---

[2] USAO-DC has attached hereto as Exhibit D a true copy of a corrected version of the December 23 letter, which the undersigned sent Crawford by email and U.S. Mail on December 28, 2005.

3

construed to exclude [the government]." Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989) (internal quotations omitted); see also Vt. Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 780 (2000) ("We must apply . . . our longstanding interpretive presumption that 'person' does not include the sovereign."); Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund, 500 U.S. 72, 82 (1991) (finding that a litigant "face[d] an additional hurdle . . . in arguing that the word 'person' . . . should refer to an agency"); United States v. United Mine Workers of America, 330 U.S. 258, 275 (1947) ("In common usage that term[, 'person,'] does not include the sovereign, and statutes employing it will ordinarily not be construed to do so."). Thus, the courts should presume that "person" excludes the government absent an "affirmative showing of statutory intent to the contrary." Vt. Agency of Natural Res., 529 U.S. at 781.

   1.  **Courts in the D.C. Circuit have established that non-party federal agencies are not subject to subpoena under Rule 45**

In Al Fayed v. CIA, 229 F.3d 272 (D.C. Cir. 2000), the United States Court of Appeals for the District of Columbia affirmed the quashing of a subpoena against the Central Intelligence Agency issued under 28 U.S.C. § 1782, a statute similar in effect to Rule 45. The statute at issue in Al Fayed, 28 U.S.C.§ 1782, permits discovery in the federal courts of a

5

non-party 'person' by parties to proceedings before foreign and international courts. The D.C. Circuit held that the CIA was not subject to the subpoena because there was no "affirmative evidence to disturb the presumption that 'person' excludes the sovereign." 229 F.3d at 276-77.

Since its ruling in Al Fayed, the D.C. Circuit has expressed its "doubts about the applicability of Rule 45" to the agencies of the federal government. Linder v. Calero-Portocarrero, 251 F.3d 178, 181 (D.C. Cir. 2001) ("Although our past decisions have assumed that 'person' in Rule 45 included the federal government, we have never expressly so held and our assumption may need to be reexamined in light of Al Fayed."). Compare AlohaCare, Inc. v. Haw. Dep't of Human Servs. (In re: Subpoena Duces Tecum to Tommy G. Thompson), Misc. No. 04-498 (D.D.C. June 28, 2005) (Kollar-Kotelly, J.) (unpublished) (noting that the D.C. Circuit has "dropped significant hints that the federal government [is] outside the purview of Rule 45"). The D.C. Circuit has not, however, specifically decided "[w]hether, as a matter of interpretation, the word 'person' in Rule 45 includes the federal government." Linder, 251 F.3d at 180.

By contrast, six district courts in this Circuit have directly confronted the question, and all six have held that "a federal government agency is not a 'person' within the meaning of Rule 45 and thus [a court] cannot enforce a Rule 45 subpoena

6

served on such an agency." Yousuf v. Samantar, Misc. No. 05-110, 2005 U.S. Dist. LEXIS 8488, at *14 (D.D.C. May 3, 2005) (Walton, J.) (appeal filed, 2005 U.S. App. LEXIS 21043 (D.C. Cir. Sept. 26, 2005)). See also Securities and Exchange Commission v. Biopure Corp., Misc. No. 05-506, Slip Op. at 8 (D.D.C. Jan. 20, 2006) (Kay, M.J.) (concluding that "the word 'person' in Rule 45 does not apply to the [non-party] FDA, and accordingly Biopure's subpoenas are not enforceable against the FDA")[4]; Truex v. Allstate Ins. Co., Misc. No. 05-249, 2006 U.S. Dist. LEXIS 424, at *11 (D.D.C. Jan. 1, 2006) (Facciola, M.J.) ("In response to Al Fayed and Linder, the District Court has re-examined the assumption that Rule 45 applies to the federal government and held that 'person' as used in Rule 45 does not include federal agencies."); AlohaCare, Inc., Misc. No. 04-498 (concluding that "the term 'person' in Rule 45 does not include the federal government"); United States ex rel. Taylor v. Gabelli, Misc. No. 04-534, 2005 U.S. Dist. LEXIS 8489, at *7 (D.D.C. May 2, 2005) (Leon, J.) (stating that "the term 'person' in Rule 45, in the absence of a satisfactory basis to override this interpretive presumption [that 'person' excludes the sovereign], does not include the federal government"); Lerner v. District of Columbia, Civil No. 00-1590, 2005 U.S. Dist. LEXIS 10154, at *17 (D.D.C.

---

[4] For the Court's convenience, USAO-DC has attached hereto as Exhibit F a copy of the Biopure slip opinion.

7

Jan. 7, 2005) (Kessler, J.) (finding that the court lacked jurisdiction to subpoena two federal agencies because "the 'requisite affirmative indications' that the term 'person' in Rule 45 includes the federal government [we]re absent"). Thus, the clear weight of authority in this court is that non-party federal agencies are not subject to Rule 45 subpoenas.

>  2. **Crawford Has Failed to Show that USAO-DC Is a Party to the Underlying Litigation**

Crawford attempts to avoid the above authority by arguing that her subpoena is valid under MSPB regulations, and that, even under Fed. R. Civ. P. 45, USAO-DC should be considered a party to the underlying litigation because the "United States" is a named party in that litigation. See "Motion to Compel Discovery from the DC US Attorneys and Requests for Sanctions and Costs" ("Pl. Compel Mot.") at 2, n.2. These arguments are unavailing.

Crawford's first argument—that her subpoena is valid under MSPB regulations—is disingenuous. The subpoena represents, on its face, that it was issued under the authority of Fed. R. Civ. P. 45, in connection with Crawford v. United States, Department of Homeland Security, Civil Action No. 04-2619. See Exhibit B. Further, given that Crawford's MSPB appeal had concluded on December 19, 2003 (see MSPB Decision, attached as Exhibit 1 to United States Office of Personnel Management's and Federal Bureau of Investigation's Response to Plaintiff's Motion to Compel Discovery ("OPM/FBI Opp.")), the subpoena—apparently first issued

on July 12, 2005—could not possibly have been issued under the authority of the MSPB. Thus, the MSPB regulations Crawford cites are completely irrelevant.

Crawford's second argument is that USAO-DC should be considered a party to the underlying litigation because the "United States" is a named party. See Pl. Compel Mot. at 2, n.2.[5] This argument specifically was rejected in Biopure. In Biopure, the underlying case was an action brought by the Securities and Exchange Commission ("SEC"). In the miscellaneous action to enforce a subpoena against the Food and Drug Administration ("FDA"), Biopure argued that, because *the SEC* was a party to the underlying litigation, the "federal government" had voluntarily invoked the Court's jurisdiction and therefore *the FDA* should be considered a party for purposes of discovery. See Biopure, Slip Op. at 8. The Court rejected the notion that, in cases in which one federal agency is a party, the entire federal government and all of its agencies should be treated as parties. As the Court held: "finding no support for Biopure's proposition that because the SEC [Government] is a party, then

---

[5] Crawford's alternative argument that "*DOJ arguably is a party*" to the underlying litigation, see Pl. Compel Mot. at 2, n.2 (emphasis added), also is disingenuous. Indeed, Crawford must know that DOJ is not a party in Crawford I because she herself has moved to amend her complaint to add DOJ as a party. See Plaintiff's Motion for Leave to File Third Amended Complaint (04-2619, Dkt. 85, copy attached hereto as Exhibit G) at 3 ("DOJ is not prejudiced by being added as a party."). Crawford's motion to amend remains pending.

9

other branches of the Government such as the FDA should also be treated as a party, the Court finds that the word 'person' in Rule 45 does not apply to the FDA, and accordingly Biopure's subpoenas are not enforceable against the FDA." Id.

The case at bar is on all fours with Biopure. While the United States is nominally a party to Crawford I, the real party in interest is the Department of Homeland Security ("DHS")—the agency that found Crawford unsuitable for employment, and the agency that allegedly retaliated and discriminated against her. Neither USAO-DC nor DOJ can be deemed to have submitted to the jurisdiction of the Texas Court simply because Crawford named the United States as a party in that action.[6]

In short, Crawford has utterly failed to make an affirmative showing that Rule 45 applies to the federal government, as required by the Supreme Court. See Vt. Agency of Natural Res., 529 U.S. at 781. This Court should reject her contentions and instead concur with the unanimous rulings of the six federal

---

[6] Indeed, it would appear that the "United States" is not a proper party to Crawford's Texas litigation. Crawford's appeal of the MSPB decision seeks review of the merits of the underlying personnel action; thus, the claim is properly brought only against "the agency responsible for taking the personnel action." See 5 U.S.C. § 7703(a)(2). Her Whistleblower claim is properly brought only against the agency that allegedly retaliated against her. See Costello v. Merit Sys. Protection Bd., 182 F.3d 1372, 1379-80 (Fed. Cir. 1999). Finally, her Title VII claim is properly brought only against the head of the agency alleged to have discriminated. See 42 U.S.C. § 2000e-16(c). In each of Crawford's three claims, then, the proper defendant is DHS, not the United States.

"produc[ing] any material contained in the files of the Department, or disclos[ing] any information relating to or based upon material contained in the files of the Department, ... without prior approval of the proper Department official in accordance with §§ 16.24 and 16.25 of this part." See 28 C.F.R. § 16.22(a). In deciding whether to disclose information, Department officials must consider, inter alia, "[w]hether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose"; "[w]hether disclosure is appropriate under the relevant substantive law concerning privilege"; whether disclosure "would violate a statute, such as the income tax laws, 26 U.S.C. 6103 and 7213, or a rule of procedure, such as the grand jury secrecy rule, F.R.Cr.P., Rule 6(e)"; whether disclosure "would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection"; and whether disclosure "would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired." See 28 C.F.R. § 16.26(a), (b).

In response to Crawford's subpoena, USAO-DC informed her of its Touhy regulations and requested that she submit a statement of relevance so that her request for documents properly could be

evaluated. See Exhibit C at 2. Despite this request, Ms. Crawford simply demanded that USAO-DC "produce the material immediately." See Exhibit E at 2. Nine days later, she filed the instant motion to compel.

Crawford may not avoid DOJ's Touhy process by using a third-party subpoena to obtain documents from DOJ's files, because DOJ has enacted valid regulations prohibiting its employees from complying with such demands. See Houston Bus. Journal, Inc. v. Office of the Comptroller, 86 F.3d 1208, 1212 n.4 (D.C. Cir. 1996) (observing that "federal-court litigants may [not] obtain a subpoena ad testificandum against an employee of a federal agency that has enacted a Touhy regulation"); see also Edwards v. U.S. Dep't of Justice, 43 F.3d 312, 317 (7th Cir. 1994) ("Touhy is part of an unbroken chain of authority that supports the . . . contention that a federal employee cannot be compelled to obey a subpoena, even a federal subpoena, that acts against valid agency regulations.").

In light of Crawford's motion to compel, USAO-DC has determined to treat her subpoena as a Touhy request. It has begun processing the request, including searching its files for responsive documents. However, USAO-DC has not yet been able to complete its process, including obtaining review from appropriate DOJ officials. Accordingly, USAO-DC at present is not authorized to release any documents or information from its files.

To obtain the documents she desires, Crawford must allow USAO-DC time to complete its Touhy review process and then, if she is dissatisfied with its response, challenge the response as arbitrary and capricious under the Administrative Procedure Act ("APA"). See Bobreski v. EPA, 284 F. Supp. 2d 67, 73-74 (D.D.C. 2003) (holding that "[a] party challenging an agency's Touhy-based denial of a subpoena or request for testimony must proceed under the APA") (citation and quotation marks omitted); see also Houston Bus. Journal, 86 F.3d at 1212 n.4 (directing third-party litigant to "proceed under the APA, and the federal court will review the agency's decision not to permit its employee to testify under an 'arbitrary and capricious' standard"). Accordingly, USAO-DC may not be compelled to provide documents in response to Crawford's subpoena because she has not allowed the USAO-DC's Touhy process to run its course. See 28 C.F.R. § 16.22(a).

C.  **Crawford Seeks Irrelevant and Privileged Documents**

Even if this Court somehow were to conclude that USAO-DC is subject to discovery in Crawford's underlying litigation, the subpoena still would have to be quashed because it seeks documents that are both irrelevant and privileged.

As recently amended, Fed. R. Civ. P. 26(b)(1) restricts party-controlled discovery to matters that are not privileged and are relevant to a claim or defense in the lawsuit. Specifically,

the rule states that: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Rule 26 no longer permits "subject matter" discovery as a matter of course. Instead, the rule now requires a showing of "good cause" for a party to obtain subject matter discovery. See Pulliam v. Continental Casualty Co., 2003 WL 1085939, *2 (D.D.C. 2003) ("This provision was amended in 2000 to narrow the party-controlled scope of discovery by requiring that discovery be relevant, not just to the subject matter of the case, but to the claim or defense of a party."). See also Comment to 2000 Amendment ("The Committee has heard that in some instances, particularly cases involving large amounts of discovery, parties seek to justify discovery requests that sweep far beyond the claims and defenses of the parties on the ground that they nevertheless have a bearing on the "subject matter" involved in the action. . . . The amendment is designed to involve the court more actively in regulating the breadth of sweeping or contentious discovery . . . [and] signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings"). The limits imposed by Rule 26(b)(1) apply to all forms of "discovery," including subpoenas. See Fed. R. Civ. P. 26(a)(5) (defining methods of "discovery" to include "production of documents . . . under . . . [Rule] 45(a)(1)(C)").

15

Crawford has utterly failed to show that the documents she seeks are relevant to any claim or defense in the underlying lawsuit. Indeed, she specifically avers that only one of the grounds of unsuitability found by DHS was based on the criminal charge brought by this office (M11876-96), and she further avers that the MSPB *rejected* that ground of unsuitability. See Pl. Compel Mot. at 1. See also Exhibit 1 to OPM/FBI Opp., MSPB Decision at 7-8 (discussion of "Specification Two"). Thus, it is unclear how the information she seeks—primarily, "the US Attorney's file or portion thereof that shows that the office had knowledge that a file was opened on the plaintiff's behalf prior to the false complaint against the plaintiff and the arrest", see Pl. Compel Mot. at 3—could possibly have any relevance to the outcome of her mixed-case appeal in the Texas Court.

Crawford's subpoena also violates Fed. R. Civ. P. 26(b)(1) because it seeks privileged information. While Crawford has sought to limit the breadth of the subpoena in her motion to compel, the subpoena itself seeks "all documents in your possession that discuss the plaintiff, describe how information was acquired about the plaintiff, and describe any distribution of information about the plaintiff." See Exhibit B. Without disclosing the contents of USAO-DC's files, it is apparent from the face of this request that it would require disclosure of information protected by the law enforcement investigatory

16

privilege; the deliberative process privilege; the attorney-client privilege; and the attorney work-product doctrine.

Accordingly, even if USAO-DC could be considered subject to Crawford's subpoena (which it cannot), the subpoena fails to comply with Fed. R. Civ. P. 26(b)(1) and therefore should be quashed.

### IV. CONCLUSION

Based upon the foregoing, USAO-DC respectfully requests that this Court quash Crawford's subpoena and deny her motion to compel.

Respectfully submitted,

/s/ Kenneth L. Wainstein / by scs
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/ R. Craig Lawrence / by scs
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/ Stratton C. Strand
STRATTON C. STRAND, D.C. BAR # 464992
Assistant United States Attorney
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7236

17