IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRETA CRAWFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-2619-L |
| | § | |
| UNITED STATES OF AMERICA and | § | |
| DEPARTMENT OF HOMELAND | § | |
| SECURITY, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the court are Federal Defendants' Motion to Dismiss Plaintiff's Complaint,[1] filed February 8, 2005; and Plaintiff's Motion to Seal, filed February 23, 2005. After careful consideration of the motions, response, reply, record and applicable law, the court **grants** Federal Defendants' Motion to Dismiss Plaintiff's Complaint. The court also **grants** Plaintiff's Motion to Seal.

### I.   Factual and Procedural Background

Plaintiff Greta Crawford ("Crawford" or "Plaintiff") filed this action against the United States of America ("United States") and the Department of Homeland Security ("DHS") (collectively referred to as "Defendants") on December 9, 2004. Crawford alleges, among other things, due process and equal protection violations, negligence, assault, harassment, conspiracy, retaliation and discrimination. Crawford applied for the position of immigration inspector with the

---

[1] Defendants mischaracterize their motion to dismiss. They do not seek dismissal of the entire complaint. As is apparent by the motion, Defendants seek dismissal as to 20 of Plaintiff's 23 claims.

Order - Page 1



GOVERNMENT EXHIBIT A

DHS on May 4, 2002. The Office of Personnel Management ("OPM") conducted a background investigation of Crawford and determined that she was ineligible for the position because of "misconduct or negligence in employment" and "criminal or dishonest conduct." Plaintiff's Appendix for Motion for Temporary Restraining Order, Attachment A, 12/17/02 INS letter. The OPM provided Crawford specific information as to how it reached its determination and gave her an opportunity to respond. *Id.* Crawford responded by letter on February 1, 2003. After reviewing Crawford's response, the OPM issued a final decision that she was unsuitable for employment as an immigration inspector. Crawford appealed this decision to the Merit Systems Protection Board ("MSPB") in June 2003. A hearing was conducted before an administrative law judge in November 2003. The administrative law judge upheld OPM's decision. Crawford filed a petition for review of the decision with the MSPB on January 21, 2004. The MSPB denied the petition. Crawford filed this action on December 9, 2004. She makes 23 claims against Defendants.[2]

---

[2]Crawford's specific claims are as follows:
   1st Claim for Relief: Dismissal of Remaining Agency Charges and Finding of Suitability;
   2nd, 3rd and 4th Claims for Relief: Due Process Deprivations and/or Failure to Adhere to Regulatory Provisions and Prohibited Practices and Denial of Confrontation and Cross-Examination;
   5th Claim for Relief: Retaliation for Whistleblowing;
   6th Claim for Relief: Discrimination;
   7th Claim for Relief: Negligence;
   8th, 9th and 10th Claims for Relief[:] Right to Privacy and Contempt/Seals and Obstruction of Justice;
   11th Claim for Relief: Harassment and Intimidation;
   12th Claim for Relief: Conspiracy;
   13th Claim for Relief: Freedom of Expression;
   14th Claim for Relief: Right to Association;
   15th Claim for Relief: Equal Protection;
   16th and 17th Claim[s] for Relief: Interference with Business Relations, and Injury to Reputation;
   18th Claim for Relief: Assault;
   19th Claim for Relief: Abuse of Process;
   20th Claim for Relief: Intentional Infliction of Emotional Distress;

Defendants filed a motion to dismiss Crawford's complaint on February 8, 2005. Defendants maintain that all but three of Crawford's 23 claims[3] should be dismissed because they are preempted by the Civil Service Reform Act. They also contend that the court lacks subject matter jurisdiction over 17 of Crawford claims because these claims were not raised during the administrative process. Included with her response to Defendants' motion, Crawford filed a motion to seal. The court now considers the motions.

## II.   Rule 12(b)(1) Motion to Dismiss

### A.   Legal Standard

A motion to dismiss filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject matter jurisdiction of a federal district court. *See* Fed. R. Civ. P. 12(b)(1). A claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims. *See, e.g., Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Thus, a federal court must dismiss an action whenever it appears that subject matter jurisdiction is lacking. *Stockman*, 138 F.3d at 151.

---

   21st Claim for Relief: Malicious Prosecution;
   22nd Claim for Relief: Spoliation; and
   23rd Claim for Relief: Contract Claims.
*See* Plaintiff's Complaint.

   [3]Defendant's seeks to dismiss all of Crawford's claims except: 1st Claim for Relief: Dismissal of Remaining Agency Charges and Finding of Suitability; 5th Claim for Relief: Retaliation for Whistleblowing; and 6th Claim for Relief: Discrimination.

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Here, Defendants are asserting a "facial," rather than a "factual," attack on jurisdiction under Rule 12(b)(1).[4] Therefore, the court need only consider the allegations in Plaintiff's complaint to determine whether subject matter jurisdiction exists.

**B.   Analysis**

**1.   Preemption of Claims**

Defendants contend that Plaintiff's constitutional, tort and contract claims are preempted by the comprehensive remedial system set forth in the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 2301, *et seq*. Crawford counters that the CSRA applies only to federal employees, not applicants, and does not preclude non-personnel claims and non-work-related claims. Contrary to Crawford's argument, however, the court determines that the CSRA applies to both federal employees and

---

[4] The Fifth Circuit distinguishes between these two types of challenges to the court's subject matter jurisdiction. *See Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981), *cert. denied*, 454 U.S. 897 (1981). When a defendant files a Rule 12(b)(1) motion unaccompanied by evidentiary materials, the court need only consider the sufficiency of the allegations in the complaint, because they are presumed to be true. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981). If the jurisdictional allegations are sufficient, the complaint will not be dismissed. *Id.* On the other hand, a "factual" attack on the court's subject matter jurisdiction is made when the defendant submits affidavits, testimony, or other evidentiary materials to support assertions against subject matter jurisdiction. *See id.* In those cases, the plaintiff must submit facts through some evidentiary method and prove by a preponderance of the evidence that the court has subject matter jurisdiction over the case. *Id.* In this case, Defendants did not submit any evidence to support their assertions concerning the subject matter allegations of Plaintiff's Complaint. Therefore, the court determines that they are advancing only a facial challenge under Rule 12(b)(1).

applicants for federal employment, and Crawford's claims are related directly or indirectly to her application for employment.

The CSRA establishes a comprehensive framework for evaluating adverse personnel actions against federal employees and applicants and provides "an integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration." *Rollins v. Marsh*, 937 F.2d 134, 137 (5th Cir.1991) (quoting *United States v. Fausto*, 484 U.S. 439, 445 (1988)). In particular, Chapter 23 of the CSRA prohibits certain personnel practices and establishes merit-system principles that govern civil-service employment. *See generally* 5 U.S.C. §§ 2301-02. Among the prohibited personnel practices are taking any "personnel action" that violates merit-system principles. *Id.* at § 2302(b)(12). "Personnel action" includes "an appointment," in addition to promotions, demotions, disciplinary actions, performance evaluations, and other actions related to employment. *See id.* at § 2302(a)(2)(A); thus an employment appointment is a personnel action under the CSRA. Further, § 2302(b) specifically prohibits certain actions against any employee or *applicant for employment*.[5] Clearly, the CSRA applies to applicants for federal employment as well as federal employees.

In light of the "elaborate remedial system," established by the CSRA, courts have declined to recognize a remedy beyond that provided by the CSRA for claims arising out of an employment relationship. *See Bush v. Lucas*, 462 U.S. 367, 386 (1983)(holding that the CSRA provides the

---

[5]Prohibited actions include, but is not limited to, discriminating on the basis of race, religion, sex, age or handicapping condition; willfully obstructing a person's right to compete for employment; granting preference or advantage to an employee or applicant for employment; and taking or failing to take a personnel action with respect to any employee or applicant for employment because of the employee's or applicant's disclosure of information regarding a violation of any law, rule or regulation. 5 U.S.C. § 2302 (b).

Order - Page 5

exclusive remedy even for cases involving first amendment violations); *Grisham v. United States,* 103 F.3d 24, 26 (5th Cir.1997) (holding that the CSRA provides the exclusive remedy even for cases under the Whistleblower Protection Act).

All of Crawford's claims in her complaint relate in some manner to her application for employment with DHS and her subsequent appeal to the MSPB. The determination that Crawford was unsuitable for employment as an immigration inspector and the decisions by the MSPB were personnel decisions within the meaning of the CSRA. The CSRA precludes causes of action relating to employment disputes covered by the statute and provides Crawford's exclusive remedy. *See Grisham,* 103 F.3d at 26; *Rollins,* 937 F.2d at 137-140. The court concludes, therefore, that except for her retaliation and discrimination claims, the remainder of Crawford claims are precluded, and cannot proceed.[6]

### 2. Exhaustion of Administrative Remedies

Alternatively, Defendants contend that the court lacks subject matter jurisdiction over Crawford's claims seven through 23 because they were not raised at the MSPB level, and, therefore, Crawford has not exhausted her administrative remedies. Crawford counters that the "additional prohibited practices, such as assault and unlawful disseminations, occurred after the administrative proceeding, and these acts relate back." Plaintiff's Opposition to Motion to Dismiss at 4. The court determines that, even if Crawford's claims seven through 23 were not precluded by the CSRA (which preclusive effect has been extended to include violations of the Federal Torts Claim Act

---

[6]Although Defendants contend that the court lacks subject matter jurisdiction, the court believes that the more appropriate motion would have been under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. It is not that the court lacks subject matter jurisdiction; instead the CSRA does not recognize a cause of action for the dismissed claims. In any event, however, these claims cannot be maintained.

Order - Page 6

and absent compliance with the statute's requirement [a] district court [is] without jurisdiction." *McAfee v. 5th Circuit Judges,* 884 F.2d 221, 222-23 (5th Cir.1989).

Crawford admits that some of her claims were not raised before the MSPB. She contends, however, that the "prohibited practices" occurred after the administrative proceeding and "relate back" to the claims that were presented at the administrative level, and can now be heard *de novo* by the district court. Plaintiff's Opposition to Motion to Dismiss at 4-5. The court finds no authority in the Fifth Circuit supporting Crawford's "relation back" theory that would allow her to circumvent the exhaustion of remedies prerequisite for the claims she asserts in her complaint. All of the cases cited by Crawford are of jurisdictions other than the Fifth Circuit and involve discrimination cases. Defendants acknowledge that Crawford's retaliation and discrimination claims are specifically preserved under the CSRA and have not moved to have those claims dismissed in the motion before the court. Defendants' Motion to Dismiss at 3. *See also* 5 U.S.C. § 2302(d). Crawford's argument and authority, therefore, are unpersuasive in justifying her failure to exhaust her administrative remedies as to her tort claims under the FTCA.

Crawford also maintains that through her MSPB appeal "sufficient written notice of the claim of tortious and negligent handling of the applicant and application has been provided to the agency to allow the government to investigate and settle." *Id.* at 5. Contrary to this position, however, Crawford's MSPB appeal was regarding the OPM's determination that she was unsuitable for employment as an immigration inspector, and not claims seven through 23 as listed in her complaint in this action. The filing requirement of the FTCA is satisfied if the claimant "(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." *Frantz v. U.S.,* 29 F.3d 222, 224 (5th Cir. 1994) (quoting *Adams*

Order - Page 8

("FTCA") and state-law claims)[7], the claims should still be dismissed for Crawford's failure to exhaust her administrative remedies.

Under the basic rule of federal sovereign immunity, the United States cannot be sued at all without the express consent of Congress. *See United States v. Dalm,* 494 U.S. 596, 608 (1990) (cited in *Dunn-McCampbell Royalty Interest, Inc. v. National Park Service,* 112 F.3d 1283, 1287 (5th Cir.1997)); *Block v. North Dakota,* 461 U.S. 273, 287 (1983). Since Congress enacted the FTCA, 28 U.S.C. §§ 1346, 2671-2680, as a limited waiver of federal sovereign immunity, *United States v. Kubrick,* 444 U.S. 111, 117-118 (1979), the court will have subject matter jurisdiction only if the requirements of the FTCA have been satisfied. If the requirements of the FTCA have not been met, then the court lacks subject matter jurisdiction and plaintiff's claims shall be dismissed. *See Gregory v. Mitchell,* 634 F.2d 199, 204 (5th Cir.1981). As a precondition to the waiver of federal sovereign immunity, the FTCA specifies that

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a); *see also McNeil v. United States,* 508 U.S. 106, 111 (1993). "Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the [Federal] Tort Claims Act,

---

[7] *See Rollins v. Marsh,* 937 F.2d 134, 139-140 (5th Cir.1991).

*v. United States,* 615 F.2d 284, 289 *clarified in* 622 F.2d 197 (5th Cir.1980)). This exhaustion prerequisite to suit is a jurisdictional requirement that cannot be waived. *Gregory v. Mitchell,* 634 F.2d 199, 203-204 (5th Cir. 1981); *Employee Welfare Comm. v. Daws,* 599 F.2d 1375, 1378 (5th Cir.1978). Crawford's contention that she raised the claims of tortious and negligent handling of her and her application during her MSPB appeal is insufficient to fulfill the exhaustion of administrative remedies procedural prerequisite. Therefore, in addition to the CSRA preclusion, the court does not have subject matter jurisdiction of claims seven through 23 because Crawford has not sufficiently averred or established that she exhausted her administrative remedies. Accordingly, claims seven through 23 must be dismissed for lack of subject matter jurisdiction.[8]

### III.   Motion to Seal

Contemporaneously with her opposition to Defendants' motion to dismiss, Crawford filed a motion to seal. Crawford states that "[t]his Motion should also be sealed to protect confidential, personnel, and private information, such as medical and financial information." Plaintiff's Opposition to Motion to Dismiss at 5. The court assumes that Crawford is referring to Federal Defendants' Motion to Dismiss Plaintiff's Complaint and Plaintiff's Opposition to Motion to Dismiss and Motion to Seal. As the court has previously ordered Crawford's complaint, appendices, and various other documents and pleadings in this case sealed; and Defendants do not object or

---

[8] In their reply, Defendants also contend that Crawford's claims for violation of due process (claims 2-4); the right to privacy (claim 8); freedom of expression (claim 13); right to association (claim 14); and equal protection (claim 15) are constitutional torts that should be dismissed, as such torts cannot be brought against the United States or its agencies, only against persons acting in their individual capacities. *F.D.I.C. v. Meyer,* 510 U.S. 471, 486 (1994); *Lopez v. Mineta,* 2004 WL 330853, at *1 (5th Cir. February 20, 2004). The court need not discuss this contention, as it has already determined that it lacks subject matter jurisdiction.

Order - Page 9

respond to Crawford's motion to seal, the court determines that Plaintiff's Motion to Seal should be granted.

## IV. Conclusion

For the reasons stated herein, the court **grants** Federal Defendants' Motion to Dismiss Plaintiff's Complaint. Accordingly, the court **dismisses** claims two through four, and seven through 23 of Plaintiff's Complaint. The court has also determined that good cause exists for the sealing of Federal Defendants' Motion to Dismiss Plaintiff's Complaint, Plaintiff's Opposition to Motion to Dismiss and Motion to Seal, and Plaintiff's Appendix for Plaintiff's Opposition to Motion to Dismiss and Motion to Seal. Accordingly, the court **grants** Plaintiff's Motion to Seal as to those documents.

**It is so ordered** this 13th day of June, 2005.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge