01/01/1992  01:19  9183679432                BRISTOW CHRYSLER PLY                PAGE  01

To Cindy Park
Date 12/13/05
From Greta Crawford
Pages: 5 (copy of doc. request + subpoena)

5702 Victor Street #6
Dallas, TX 75214

October 28, 2005

US Attorneys Office
District of Columbia
555 4th Street, NW
Room 2804
Washington, DC 20530

Dear US Attorneys Office:

Please produce the documents listed in the enclosed document request to me at your earliest convenience. Sending your response to me at the above address by mail will obviate any need to personally appear. Other discoverees have simply mailed the response, given the out-of-state location of the plaintiff. This case is a civil service suitability determination for a prospective position. Respecting case No. M11876-96, described in the document request, the court record and transcript have already been obtained, and there is no need to obtain and copy those documents. If you have any questions, please feel free to contact me. Thank you for your time.

Sincerely,

Greta Crawford

Enclosures: Subpoena, Document Request

GOVERNMENT EXHIBIT B

UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| GRETA CRAWFORD, )<br>Petitioner/Plaintiff, )<br> )<br>v. )<br> )<br> )<br>UNITED STATES OF AMERICA, )<br>DEPARTMENT OF HOMELAND SECURITY, )<br>Respondents/Defendants. )<br> )<br> ) | Civil Action No.:<br>3:04-CV-2619-L<br>ND Tex. |

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

To: US Attorneys Office
District of Columbia
555 4th Street, NW, Room 2804
Washington, DC 20530

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Plaintiff requests that you produce immediately or at the latest within thirty (30) days, the documents described below, and permit the Plaintiff to inspect and copy the documents at the Federal Courthouse or at a time and place to be mutually agreed upon by the parties. Alternatively, you may mail the documents to the Plaintiff, but if your response is voluminous or greater than 50 pages, please provide an index/description of documents, the production to be at a mutually agreed place.

The request covers all documents that were or is in your possession, or the possession of your agents, representatives, contractors or employees, or others or subject to your custody or control, regardless of the location. If there is an objection based on privilege or work product, identify the document withheld, identify its drafter, describe the document and state the basis of nondisclosure with particularity.

The request is continuing in nature, and in the event you acquire or become aware of any responsive document, you are requested to produce the documents for inspection and copying.

In this request, "document(s)" means writings, video or audio recordings, or computer records of any kind, including but not limited to originals, copies, notes, photographs, contracts, drafts, interoffice memoranda, memoranda for files, research, correspondence, logs, studies, graphs, charts, books, ledgers, journals, financial materials, or any other written or recorded materials. Identify the date of destruction of any document, and reason for destruction, or the identity of the person to whom any document was transferred.

1

"Relating" means referring to, being evidence of, or concerning any portion of the facts or contentions referenced in the document request.

Request for Production

Please produce the following:

1. The plaintiff resided in Washington, DC from late 1995 until late 1997. Produce all documents in your possession that discuss the plaintiff, describe how information was acquired about the plaintiff, and describe any distribution of information about the plaintiff. Your response will likely include information pertaining to two cases. One case involved a Washington, DC Officer, who is a tall, black female likely named Marshal, and a US Attorney of perhaps of Indian or Pakistani descent whose last name may begin with V. They were given a complaint about entries by Randy Emery into the plaintiff's apartment and photographs taken by the plaintiff of entries into the plaintiff's home by window. The second case, No. M11876-96, was dismissed in the Superior Court of the District of Columbia. The second case involved US Attorneys Robert Spagnoletti and Amy Salvin, and Washington, DC officer Sheryl Harley.

2. Documents related to or associated with those produced by the US Attorneys Office for Privacy Act request 01-1019, and 00-3051.

DATED: 10/28/05

Greta Crawford, Plaintiff
5702 Victor Street, #6
Dallas, TX 75214
(214) 828-1670

CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of October, 2005, I mailed, certified and return receipt, a copy of the foregoing Plaintiff's First Request for Production of Documents and subpoena to US Attorneys Office, District of Columbia, 555 4th Street, NW, Room 2804, Washington, DC 20530.

Greta Crawford, Plaintiff
5702 Victor Street, #6
Dallas, TX 75214
(214) 828-1670

2

AO88 (Rev. 1/94) Subpoena in a Civil Case

## UNITED STATES DISTRICT COURT

~~Northern~~ *Issued by the*

DISTRICT OF ~~Texas~~ Columbia

Crawford

v.

United States,
Dept. of Homeland Security.

SUBPOENA IN A CIVIL CASE

Case Number:[1] 3:04-CV-2619-L

TO: US Attorneys Office, District of Columbia, 555 4th Street, NW, Room 2804, Washington, DC 20530

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Documents described in the attached document request, served pursuant to Federal Rule of Civil Procedure 34.

| PLACE By mail to the plaintiff, or mutually agreed place, or at a meeting with the plaintiff at the clerk's office, US District Court for the District of Columbia, 333 Constitution Ave., NW Washington, DC 20001 | DATE AND TIME within 30 days of service of request |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| B Stewart Docket Clerk | 7-12-05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Clerk's Office, US District Court for the District of Columbia, 333 Constitution Ave., NW, Washington, DC 20001
(202) 354-3000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 10/28/05 | 555 4th St NW Room 2804 Washington, DC 20530 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| US Attorneys Office -DC | US mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Greta Crawford / US Mail | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  10/28/05
DATE

SIGNATURE OF SERVER

5702 Victor St #6
ADDRESS OF SERVER
Dallas TX 75214

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.