


U.S. Department of Justice

United States Attorney

District of Columbia

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20530*

December 28, 2005
(corrected copy of letter of December 23)

VIA EMAIL (gsnuffster@aol.com) AND U.S. MAIL

Greta Crawford, Esq.
5702 Victor Street, #6
Dallas, TX 75214

    Re:    **Crawford v. Dep't of Homeland Security;**
             **04-2619-L (N.D. Tex)**

Dear Ms. Crawford:

       This will confirm our telephone conversation of December 23, 2005, in which I informed you that, for the reasons reiterated below, this office will not comply with your subpoena.

       On December 13, 2005, you faxed to the Civil Division a letter dated October 28, 2005, which appended a document addressed to the U.S. Attorney's Office for the District of Columbia entitled "Plaintiff's First Request for Production of Documents" and a subpoena directing the U.S. Attorney's Office to produce the documents described in the request for production of documents. As I informed you, your subpoena is invalid. Because the Department of Justice is not a party to this litigation, Rule 45 of the Federal Rules of Civil Procedure does not apply to it.[1] See, e.g., Yousuf v. Samantar, 2005 WL 1523385, *4 (D.D.C. May 3, 2005) ("a federal government agency is not a 'person' within the meaning of Rule 45 and thus [this Court] cannot enforce a Rule 45 subpoena served on such an agency."); Lerner v. District of Columbia, 2005 WL 2375175, *3 (D.D.C. January 7, 2005) ("this Court lacks jurisdiction to subpoena the federal government because the term 'person' in Rule 45 does not include the federal government.").

       In addition, your subpoena seeks documents (to the extent they exist) protected by the law enforcement investigatory privilege; the grand jury secrecy rule, F.R.Cr.P. 6(e); the informers' privilege; the deliberative process privilege; the attorney-client privilege; and the attorney work-product doctrine, among other statutory and common-law protections.

---

[1] Rule 34 also does not apply to non-parties. See Fed. R. Civ. P. 34(a) ("Any party may serve on *any other party* a request . . . .") (emphasis added). Thus, your request for production of documents also is invalid.

GOVERNMENT EXHIBIT D

Finally, your request fails to comply with the Department of Justice's "Touhy" regulations, 28 C.F.R. §§ 16.21 - .29 (2002), which include a requirement that any request for records include a statement of relevancy. As promised, and for your convenience, I have attached copies of the cited "Touhy" regulations. Should you decide to pursue the Touhy process, please direct any future correspondence to me.

Please feel free to contact me (202-514-8780) should you have any questions or concerns.

                                              Yours truly,

                                              KENNETH L. WAINSTEIN
                                              United States Attorney

By: _____/s/_____
                                              STRATTON C. STRAND
                                              Assistant United States Attorney

enclosures