**Strand, Stratton**

| | |
|---|---|
| From: | Gsnuffster@aol.com |
| Sent: | Wednesday, December 28, 2005 2:38 PM |
| To: | Strand, Stratton |
| Subject: | subpoena |

GOVERNMENT EXHIBIT E

dear mr strand:

i reviewed your letter and found your reasons for non-production to be unpersuasive for the following reasons:

1. doj is a party insofar as i applied to ins when it was part of doj. all matter, etc should have tranferred to dhs when ins moved to dhs under 6 usc 251.

2. other us attorneys offices are complying

3. the cases that you listed appear to be unpublished and are non-binding

4. privilege and informant rules do not apply when the us attorneys were in fact my counsel. i brought photos of the break-ins to the police and then a us attorney called me to your office. the charges proposed for him seemed too high and emery could not be served since he was homeless. he clearly did not reside in the apartment on the sixth floor and never did. he was evicted from his apartment on the second floor, probably for non-payment. he was ordered by management not to re-enter the building.

next a misdemeanor case was taken against me which never should have occurred under giglio v. united states since the us attornes embarked to represent me, not the perpetrator. your office was required to obtain office communications when there were successive cases. in the original file brought by me you would have seen the photographs of him breaking into the apartment where he never resided in an apartment building where he was banned from entry.

5. there was not likely a grand jury for the misdemeanor charge against me.

6. the crime-fraud exception means privilege does not apply where counsel is involved in forwarding a crime or fraud of a perpetrator

7. emery was so unreliable that he would not qualify as an informant

8. emery and i had communicated from 1990 to 1996. he usually resided in different states than me, and has apparently overstated his association with me. shortly after i met him in 1990, where i was working in south dakota for the summer only, he was committed by an indian reservation for alcohol treatment. his aunt testified in the closed proceeding. his face was healing when i met him from it having been kicked in when he resided in the dc area with his parents. in other words i met him after that beating, and he was committed by those who knew him. i have constantly listened to fraudulent representations that imply that this person was my sidekick for years on end, when in fact we rarely even lived in the same state.

i refused to speak to him after 1996 and he was not able to find me for five years until i moved to texas, where i believe someone must have told him of my location. he has resumed his stalking from another state, where he has left message after message without a response. when the phone is answered, he is hung up on. only one out of dozens of calls was taken to tell him to stop calling me and one call was returned when he claimed his father died.

9. for the foregoing reasons, the subpoena is valid, the request at the very least should result in the production of material i brought to your office when you represented me. the dc court dismissed the false claim against me as did the merit board, the face of the warrant showing there was no probable cause to arrest a person whose apartment was broken into by the perpetrator who was

1

found by the police hiding in the closet in his underwear, especially where i had informed your office and provided strong evidence of photographs.  i have kept tapes where he left messages stating that it had been 5 years since he last contacted me.  that tape was presented to the merit board and i am preparing another tape of his messages to present to the district court.  the original file with your office involved a black female police officer likely named marshal, and a us attorney of indian or hindu ethnic appearance whose name likely begins with v.  the second case brought on emery's behalf was taken by spagnoletti who seemed to have withdrawn and then amy salvin.  merit board requests were made to salvin and the head us attorney, kathy something.

please produce the material immediately.

sincerely

g crawford