

UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| GRETA CRAWFORD, )<br>Petitioner/Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>DEPARTMENT OF HOMELAND SECURITY, )<br>Respondents/Defendants. )<br>) | Civil Action No.:<br>3:04-CV-2619-L |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure and Local Rule 15.1, the plaintiff seeks leave to file the Third Amended Complaint/Civil Action. **Exhibit 1.** Complaints should be filed without delay. D'Angelo v. Potter, 221 F.R.D. 289, 290 n. 4 (D.Mass. 2004). Refusal to grant leave without justification is abuse of discretion. Foman v. Davis, 371 US 178 (1962).

An appeal, affected by inclement weather, and various reconsiderations are pending that directly affect the manner and scope of discovery and claims taken. Eg., June 27, 2005 Motion to Reconsider, and Plaintiff's October 15, 2005 Objections. As a consequence, a Motion to Continue may be filed shortly, but as explained, a continuance is not caused by this Third Amended Complaint.

BACKGROUND

The original Complaint was filed on December 9, 2004. The original defendants, the United States and the US Department of Homeland Security ["DHS"], filed a motion to dismiss various claims on February 8, 2005. The First Amended Complaint was filed on June 7, 2005, days before a June 13, 2005 court order.

The June 13, 2005 order dismissed certain plaintiff claims against OPM, however, OPM was not a party at that time. The Court's reason for the dismissal was that the claims were preempted by the Civil Service Reform Act (CSRA). Dividing the Complaint into various sections is merely a matter of form. For example, claims 2-4 of the original Complaint were largely contingent on CSRA provisions, but the claims were inexplicably dismissed as preempted by the CSRA. Technicalities of pleading have been abolished. Castillo v. Norton, 219 FRD 155 (D.Ariz. 2003). Watkins v. Lujan, 922 F.2d 261, 264 (5th Cir. 1991). Dismissed claims were already perceived as civil service claims at the administrative level and could be construed as such in the original and subsequent complaints under Fed. R. Civ. P. 8. Facts occurring after the proceeding are supplemental. Fed. R. Civ. P. 15. Alternatively, facts occurring after the proceeding are viable

1



claims since the claims were taken within the statute of limitations. See **Appendix 1 (Letter to Washington, DC MSPB)**, p. 1-2 for an example of post-proceeding acts. Though many acts can be construed as part of the civil service claim, they can also be construed as ultra vires acts outside the purview of the civil service regulations. Collins v. Bender, 195 F.3d 1076 (9th Cir. 1999).[1] Either way, the claims are supplemental to the original district court Complaint and administrative proceeding under Fed. R. Civ. P. 15.[2]

New case law was decided while the defendant's dismissal motion was pending. The Federal Circuit, which handles most civil service claims, ruled that the newly revised provision 5 CFR s. 731.501 did not eliminate agency and Board review of all factors under 5 CFR s. 731.202(c). Folio v. Department of Homeland Security, 402 F.3d 1350 (Fed. Cir. 2005). See Original Complaint at para. 14, 25, 34, and claims 2-4. At the administrative proceeding, the agency kept erroneously claiming that the "Board has jurisdiction over this suitability appeal to determine only whether the Agency has proven its charges by a preponderance of the evidence. 5 C.F.R. s. 731.501(a)." **Appendix 2 (Agency Prehearing Submission for Dallas MSPB hearing)**, p. 3-5. Under Folio, the agency argument is clearly erroneous, and all factors under 5. CFR s. 731.202 such as the recency of the conduct would have to be examined. For instance, the remaining agency charges are old. A review of all factors would overturn the two remaining charges -- the termination and Virginia citation. The agency should have never leveled the Virginia charge in the first place. The charge fell along the limit of investigation of seven years, the citation being in 1996 and the agency final determination being in 2003. The application largely limited itself to seven years prior to the investigation, and no information was requested by the agency that could extend the time of the investigation.

## GROUNDS FOR GRANTING LEAVE TO AMEND

"A party may amend the party's pleading once **as a matter of course** at any time before a

---

[1] DHS never filed a motion to dismiss *any* claims at the administrative level. Where applicable, the current amended complaint expressly designates the CSRA claims. Other grounds for the June 13, 2005 dismissal were inapplicable or unclear. For example, documents show exhaustion at the administrative level. See original Complaint, Attachment 4. See also Plaintiff's February 22, 2005 Appendix and July 1, 2005 Opposition Appendix 5. 5 CFR s. 1201.113(exhaustion). The Final Order exhausted administrative review. **Appendix 3 (Final Order)**, p. 6-7. For certain claims, no exhaustion was required. For example, intimidation under 42 USC s. 12203 need not be exhausted where futile. 42 USC s. 12188. The claim could not be dismissed on the grounds that the CSRA precluded the claim, since discrimination claims are not preempted by the CSRA. See Order of June 13, 2005. Privacy Act claims for damages require no exhaustion. Hubbard v. EPA, 809 F.2d 1 (D.C.Cir 1986). All facts, wherever stated in the Complaint, are relevant to all claims. Fed. R. Civ. P. 8. The plaintiff's affirmative claims are all relevant to obtaining both damages and overturning the remaining agency claims. Agency and Board determinations that are not in accord with the law cannot be sustained. 5 USC s. 7703(c). See violations listed in 5 USC ss. 2302(b); 5 USC ss. 7701, 7702.

[2] See 5 CFR s. 1201.72 (use of Federal Rules of Civil P. as a guide in discovery in MSPB proceedings where no administrative procedure available). 5 CFR s. 1201.116 (evidence not previously available).

2

responsive pleading is served." Fed. R. Civ. P. 15(a) (Emphasis added). In this case, no defendant ever filed a responsive pleading. A motion to dismiss is not a responsive pleading. Whitaker v. City of Houston, 963 F.2d 831, 834-835 (5th Cir. 1992). A Motion for Leave to File the First Amended Complaint was filed on June 7, 2005 and leave was sought for a Second Amended Complaint on July 25, 2005.

The plaintiff seeks to file this Third Amended Complaint with additional parties, and supplemental claims and facts. Although the deadline for joinder of parties and claims passed on September 6, 2005, on September 2, 2005, the plaintiff filed a motion to extend the deadline on the grounds of a pending appeal and because discoverees failed to timely or adequately respond to the plaintiff's discovery requests.[3] Good cause also exists for other reasons. The Federal Tort Claims Act claim matured, a questionnaire being sent on October 6, 2005, and no final disposition having been made within six months of initiation of the claim. 28 USC s. 2675(a).

The Third Amended Complaint should also be filed since agency cases are exempt from pretrial scheduling and management under Local Rule 16.1(i).

Alternatively and additionally, the Third Amended Complaint should be filed since leave should freely be granted. A "party may amend the party's pleading only by leave of court or by written consent of the adverse party; and **leave shall be freely given** when justice so requires." Fed. R. Civ. P. 15(a) (Emphasis added). The amended pleading relates back to the date of the original pleading. Fed. R. Civ. P. 15(d). Bornholdt v. Brady, 869 F.2d 57, 68-70 (2nd Cir. 1989) (discussing relation back of pleadings). The claims in the amended pleading relate back to the original administrative and district court pleadings since they arose out of the same conduct, transaction or occurrence as the original complaint -- the facts surrounding the civil service application and matters set forth in the whistleblowing claim and other claims. Fed. R. Civ. P. 15(c)(2). The US Attorneys Office and Attorney General received the original Complaint. Fed. R. Civ. P. 15(c)(3). The new parties have played a role in the job application and will not be prejudiced by the amendment. Id.

As explained in the prior Motion to Amend on July 25, 2005, DOJ parties had notice of the action within 120 days of service of the original Complaint pursuant to a meeting with the US Attorney on March 11, 2005 and pursuant to the petitioner's March 21, 2005 Motion for Leave to File Response to Reply. Accordingly, DOJ is not prejudiced by being added as a party. Moreover, the plaintiff initially applied to DOJ for the Immigration position. When INS left DOJ to become part of DHS, DOJ's liability transferred to DHS. Eg., 6 USC s. 251.

---

[3] OPM discovery was due 30 days from July 22, 2005. An initial response was sent on September 23, 2005, more than 30 days late. OPM claimed that additional time was needed. Failure to timely respond affected other discovery. OPM's agent, US Investigations Services ["USIS"], completed the background investigation for employment. USIS stated that its information was available to answer its request, but that approval from the information owner, OPM, was necessary. The information was never provided. Discovery from the city was due 30 days from July 11, 2005. The city's discovery was the subject of a hearing on September 30, 2005, where discovery was partially granted, but has yet to be produced. DHS discovery was due 30 days from July 25, 2005.

3

Respecting the parties added in this Third Complaint, OPM defendants were aware of the facts leading to claims herein, and have not been prejudiced by the date of filing. OPM defendants are evidently being defended by the same office -- the US Attorneys Office. OPM's agent drafted the investigative report. OPM contributed to the delay. OPM forwarded the discovery request to the US Attorneys Office for a response after the deadline passed, and evidently only began to gather discovery after the discovery deadline. No discovery was offered until weeks after the September 6, 2005 deadline for filing the amended complaint. The objections on September 23, 2005 and the partial response made on September 28, 2005 were largely duplicative of documents in the administrative record or already in the possession of the plaintiff.[4] At least partial responses could have been tendered earlier.

DHS failed to provide discovery about the application process and investigation during the administrative proceeding, and hence its failure to provide discovery precludes any reasonable, present objection about the timing of the claim. The investigation took place in many different states. Failure to tender all relevant discovery during the administrative proceeding is grounds for reversal. Mitchell v. Espy, 845 F.Supp. 1474, 1497-98 (D.Kan. 1994). The agency never produced certain emails discussed in administrative discovery. The discrimination discovery was never provided during the administrative proceeding. The plaintiff sought discovery about discrimination, the investigation, policy, procedures and criteria during the administrative proceeding. See eg., Plaintiff May 25, 2005 Motion to Stay, Att. 1. Responses by DHS to discovery would have revealed policies to counter-act signs of deception. Counsel to USIS

---

[4] New information is good cause to file this complaint. From one page of OPM discovery, the plaintiff found among other things, proof of statistical disparities for both gender and race. OPM failed to produce information about handicapped persons, but DHS application material showed that persons were hired or considered who had medical conditions. **Appendix 4 (INS Instructions)**, p. 8. Hence, the plaintiff was treated unfairly and differently than other persons. The plaintiff is not disabled, nevertheless, the agency decision-maker stated in his affidavit that the plaintiff failed the medical exam. **Appendix 5 (Johnson Affidavit)**, p. 9-11. See Attachments to this Complaint and also original Complaint Attachment 4, INS document stating, "YOUR STATUS IS: Medically Qualified." It is a prohibited practice for an employer to discriminate against an employee based on disability, including a falsely perceived disability. 42 USC s. 12102(2)(C).

There are several instances of erroneous files. Numerous facts in the investigative report for the INS position were directly refuted by documentary evidence in the Plaintiff's Merit Board Appeal filed on June 6, 2003. Misleading entries were made in the plaintiff's US Courts personnel file where one entry correctly states the plaintiff left at the end of her term employment, whereas an erroneous entry ambiguously states under "Leave Act." Leave Act gives the impression of the "Medical Leave Act," -- an erroneous notion. **Appendix 6 (Courts Personnel Record)**, p. 12-13. Criminal provisions of the Privacy Act are implicated by the erroneous OPM file stating that the plaintiff was under investigation in 1988. Cf. 5 USC s. 552a(i). **Appendix 7 (FOIA/PA Records)**, p. 14-34. The plaintiff submitted evidence in the administrative proceeding that the Department of State held information that the plaintiff failed its exam when in fact the plaintiff never took the exam. **Appendix 8 (Department of State)**, p. 35-39.

4

stated that failure to conduct interviews as stated is a sign of deception.

Additional new evidence includes discovery showing that not all persons in the investigative report were interviewed. Maintaining erroneous files subjects DHS to liability.[5] The agency bears responsibility for these matters since it acted on delegated authority from OPM. 5 CFR s. 731.103. OPM and DOJ are also liable whether or not an agency made the final personnel action. Dickson v. OPM, 828 F.2d 32 (DC Cir. 1987) (OPM liable under Privacy Act provisions requiring accuracy and fairness). The same language requiring accuracy and fairness in the Privacy Act is also in the CSRA, 5 CFR s. 731.103(e).

The amendment is also necessary for clarification, to supplement the facts occurring since the original complaint, to preserve issues for appeal, and to properly name parties under Fed. R. Civ. P. 15(c).

Pursuant to Local Rule 15.1, the proposed pleading is attached as an exhibit to this motion, and the original and a copy are provided.

In conclusion, the Plaintiff's Motion to Amend Complaint should be GRANTED.

DATED this 24th day of October 2005.

Signed,

Greta Crawford, Plaintiff
5702 Victor Street #6
Dallas, TX 75214
Tel: (214) 828-1670

---

[5] The plaintiff just acquired corroborating evidence that the plaintiff's passage of a 2002 IRS clearance completed by OPM was not properly conveyed to the staffing agency handling the position. **Appendix 9 (OPM Correspondence)**, p. 40. See also OPM Letter, **Appendix 7**, p. 33. The staffing agency erroneously stated that more investigation was needed. **Appendix 10 (Staffing Company Personnel Record)**, p. 41-42. The investigative record erroneously stated that the plaintiff withdrew herself from consideration from the position. April 8, 2005 Motion to Stay Appendix Att. 2. The OPM employment file contains an application to an agency where the plaintiff was never called to employment. All other entries are from federal employers. The federal employment record shows no signs of the plaintiff's summer internship in Congress.

Note: Court Record Document 70 was erroneously mailed to the court on August 23, 2005. The company's computer summary of the employment record states "No Criminal Convictions." **Appendix 11 (Employment Record)**, p. 43-44. The plaintiff's application makes the disclosure. Id. See also, Plaintiff's August 30, 2005 Motion.

## CERTIFICATE OF CONFERENCE

A conference under Local Rule 7.1 was convened by email on October 13, 2005 to determine whether the motion was opposed or unopposed. On October 13, 2005, the US Attorney responded that he opposed the motion.

DATED this 24th day of October 2005.

Signed,

Greta Crawford, Plaintiff
5702 Victor Street #6
Dallas, TX 75214
Tel: (214) 828-1670

## CERTIFICATE OF SERVICE

I, Greta Crawford, do hereby certify that a true and correct copy of the attached Plaintiff's Motion to Amend Complaint is being sent by hand delivery on this date, one original and one copy to the court for filing, and one copy to the opposing party listed below. An original and a copy of the Third Amended Complaint/Civil Action are also being sent to the court by hand delivery on this date.

Clerk's Office
US District Court of the Northern District of Texas
1100 Commerce Street
Dallas, Texas 75242
Tel: (214) 753-2200

Mr. Steve Fahey
United States Attorney's Office
1100 Commerce Avenue, 3rd Floor
Dallas, TX 75242-1699
Tel: (214) 659-8600
Fax: (214) 767-2916

Dated this October 24, 2005.

Signed,

Greta Crawford, Petitioner
5702 Victor St. # 6
Dallas, TX 75214
Tel: (214) 828-1670

# SEALED

UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| GRETA CRAWFORD, <br> Petitioner/Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> DEPARTMENT OF HOMELAND SECURITY, <br> Respondents/Defendants. | ) <br> ) <br> ) <br> ) Civil Action No: 3:04-CV-2619-L <br> ) <br> ) <br> ) <br> ) |

Title of Documents to Be Sealed:
Exhibit 1: THIRD AMENDED COMPLAINT/CIVIL ACTION and ATTACHMENTS 1, 2, 3

Exhibit 1

Exhibit 1: THIRD AMENDED COMPLAINT/CIVIL ACTION is Sealed.

Attachment 1 is Sealed.

Attachment 2 is Sealed.

Attachment 3 is Sealed.

**CERTIFICATE OF SERVICE**

I certify that the foregoing <u>Non-Party United States Attorney's Office's Motion to Quash Subpoena and Opposition to Motion to Compel</u>, and the attached proposed order, were served upon *Pro Se* Plaintiff by first class, U.S. mail, addressed to:

Greta Crawford, Esq.
5702 Victor Street #6
Dallas, TX 75214

Steve Fahey, Esq.
U.S. Attorney's Office
1100 Commerce Avenue, 3rd Floor
Dallas, TX 75242-1699

on this <u>6th</u> day of February, 2006.

_____
STRATTON C. STRAND
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRETA CRAWFORD,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES OFFICE OF<br>PERSONNEL MANAGEMENT, et al.,<br><br>      Defendants. | Miscellaneous Action No. 05-521 (JDB) |

### ORDER

Upon consideration of Non-Party United States Attorney's Office's Motion to Quash, Plaintiff Crawford's Motion to Compel, and the entire record herein, and it appearing that the grant of USAO-DC's motion and the denial of Plaintiff Crawford's motion would be just and proper, it is hereby, this ____ day of _____, 2006,

ORDERED, that Non-Party USAO-DC's Motion to Quash be, and hereby is, GRANTED, and it is further,

ORDERED, that Plaintiff Crawford's Motion to Compel be, and hereby is, DENIED.

JOHN D. BATES<br>
United States District Judge

Stratton C. Strand, Esq.
U.S. Attorney's Office
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530

Greta Crawford, Esq.
5702 Victor Street #6
Dallas, TX 75214

Steve Fahey, Esq.
U.S. Attorney's Office
1100 Commerce Avenue, 3rd Floor
Dallas, TX 75242-1699