UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GRETA CRAWFORD, )
)
Plaintiff, )
)
v. ) Miscellaneous Action No. 05-521 (JDB)
)
UNITED STATES OFFICE OF )
PERSONNEL MANAGEMENT, et al., )
)
Defendants. )

**UNITED STATES OFFICE OF PERSONNEL MANAGEMENT'S AND FEDERAL BUREAU OF INVESTIGATION'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

The United States Office of Personnel Management ("OPM") and the Federal Bureau of Investigation ("FBI") (collectively, the "Federal Defendants"), by and through the United States Attorney for the Northern District of Texas, file this response to plaintiff Greta Crawford's Motion to Compel Discovery and Request for Sanctions and Costs.

Although the Federal Defendants previously have provided over 350 pages of responsive documents in response to Plaintiff's subpoenas – despite not being parties to her underlying Federal case in Texas – Plaintiff remains unsatisfied. In her instant motion, Plaintiff unreasonably seeks to compel the production of thousands of irrelevant documents from the Federal Defendants, including confidential personnel records for each of the more than 150,000 employees of the Department of Homeland Security

RECEIVED

FEB 06 2006

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

("DHS") as well as records showing the reasons why each unsuccessful applicant for a DHS immigration inspector position was rejected. Thus, by seeking the personnel files of DHS employees, records clearly protected by the Privacy Act, Plaintiff's requests constitute a wholly unwarranted invasion into the personal privacy of these employees. Importantly, Plaintiff's attempts to invade DHS employees confidential files also raises alarming national security concerns, as such a list of DHS personnel would make vulnerable those Federal employees whose job it is to protect our borders and the release of this information would be a threat to national security. Moreover, Plaintiff's requests are unreasonable, confusing and overbroad, and would otherwise impose a heavy burden on the Federal Defendants. Plaintiff fails to establish any basis for seeking such documents that are clearly irrelevant to her underlying Texas case. Plaintiff's motion to compel should be denied.[1]

## I.     BACKGROUND

On May 4, 2002, Plaintiff applied for the position of Immigration Inspector with DHS. (Defs.' App. at 2.) After a background investigation conducted by OPM, DHS made a determination that Plaintiff was unsuitable for employment because of "misconduct or negligence in employment" and "criminal and dishonest conduct." (*Id.*)

---

[1] While the Federal Defendants agree with the United States Attorneys Office for the District of Columbia that Rule 45 does not apply to non-party federal agencies (*see, e.g., Lerner v. District of Columbia*, 2005 WL 2375175, at *4-5 (D.D.C. Jan. 7, 2005); *see also* Non-Party USAO-DC's Mot. to Quash Subpoena & Opp'n to Mot. to Compel, filed this day), the Federal Defendants do not rely on that argument here because they voluntarily chose to produce documents to Plaintiff in response to her subpoenas.

Plaintiff filed an appeal of DHS' decision with the Merit Systems Protection Board ("MSPB") in June 2003. (Pl.'s Compl. at 2.) A record of investigation was provided to the MSPB, a hearing was held before an administrative judge in November 2003, and DHS' negative suitability determination was sustained. (Defs.' App. at 2.) Plaintiff subsequently filed suit in the United States District Court for the Northern District of Texas on December 9, 2004, alleging both an appealable personnel action and prohibited discrimination.

Plaintiff served a third-party subpoena attaching a request for the production of documents on OPM by certified mail on July 22, 2005. (Pl.'s App. to OPM Mot. to Compel at 5.) The subpoena was delivered to OPM on August 3, 2005. (*Id.*) After receiving an extension of time from Plaintiff, OPM responded to the document requests on September 23, 2005, and mailed 274 pages of responsive documents to Plaintiff by letter dated September 28, 2005. (Defs.' App. at 19.)

Plaintiff served the FBI with a third-party subpoena and document requests by certified mail on October 17, 2005. (Pl.'s App. to FBI Mot. to Compel at 7.) By letter dated January 13, 2006, the FBI produced all responsive documents to Plaintiff. (Defs.' App. at 22.)

Claiming that the discovery responses are deficient, Plaintiff filed the instant motion to compel against OPM on December 16, 2005. Plaintiff seeks an order compelling OPM to provide further responses to six document requests. As demonstrated below, however, Plaintiff's motion to compel should be denied because OPM already has

reasonably provided all documents responsive to Plaintiff's requests. Further, OPM has furnished sufficient answers to the requests, and has asserted proper objections to Plaintiff's irrelevant, overly broad, and unduly burdensome document requests.

Plaintiff filed a motion to compel against the FBI on January 4, 2006. This motion should be denied because the FBI has produced all responsive documents in its possession to Plaintiff, and there is simply nothing else to compel.

## II.   ARGUMENT

### A.   OPM's Document Request Responses And Objections Are Proper.

Examining each of OPM's responses to Plaintiff's document requests in turn, it is apparent both that the responses are not "incomplete," as Plaintiff contends, and that Plaintiff's motion to compel is baseless and should be denied. As noted above, OPM provided 274 pages of responsive materials, including Plaintiff's Official Personnel Folder, her background investigation report, OPM's document retention policy, and general statistics regarding the race and sex of immigration inspectors employed by DHS in 2001, 2002, and 2003. OPM, therefore, has already provided responsive documents to her unreasonable and overreaching requests.

### 1.   Document Request No. 1: This request demands:

> [a]ll documents relating to the Plaintiff, including but not limited to personnel actions, investigations, adjudications, or records of transfers of information regarding the Plaintiff from OPM to other persons or entities.

(Pl.'s App. to OPM Mot. to Compel at 1.) In response, OPM provided Plaintiff with her 142-page Official Personnel Folder and 125-page background investigation. In her

motion to compel, Plaintiff asserts that the background investigation documents provided by OPM are insufficient because they did not include, for example, records from an alleged "non-existent 1988 [OPM] investigation" of Plaintiff, and records relating to a dismissed 1996 case against Plaintiff in the Superior Court of the District of Columbia. However, OPM has already produced Plaintiff's background investigation file (as well as her OPF), and therefore has produced all documents regarding Plaintiff in its possession, custody, and control. (Defs.' App. at 24-6, ¶¶ 8, 12.) To the extent that Plaintiff's request may be construed to include any OPM investigation, those documents have already been produced to Plaintiff. (*Id.*) To the extent that Plaintiff's request may be construed to include any investigations by other Federal agencies, those documents are not in OPM's possession, custody, or control.

Indeed, while OPM has produced all documents pertaining to Plaintiff, it is difficult to decipher exactly what she believes OPM has not produced. For example, Plaintiff's motion to compel reveals that she misunderstands what OPM has produced as evidenced by her confusing statement regarding a "non-existent 1988 investigation." It appears Plaintiff may be referring to the 1987 NACI investigation, but OPM has already produced all documents related to this investigation. (*Id.*)

Moreover, the documents Plaintiff now seeks – relating to the alleged 1988 investigation or the 1996 D.C. court case – were not specifically sought in her document request, and are not relevant to Plaintiff's underlying Title VII action in the Northern District of Texas. Plaintiff's Title VII suit challenges the MSPB administrative judge's

OPM and FBI Resp. to Mots. to Compel – Page 5

affirmance of DHS' negative suitability determination, and alleges that DHS was motivated by discrimination based on race, sex, and disability. However, the determination that Plaintiff was not suitable for Federal employment was based on her misconduct in employment with a law firm in Las Vegas from October 1997 to February 1998, and her arrest for being drunk in public in Fairfax, Virginia, in June 1996—and did not rest on any of Plaintiff's activities in 1988 or the dismissed 1996 case in the District of Columbia. (*Id.* at 3-5, 8-9.) In sum, Plaintiff has received all documents responsive to her request. Plaintiff's request for these irrelevant documents is not "reasonably calculated to lead to the discovery of admissible evidence," and thus the motion to compel should be denied as to this request. *See* FED. R. CIV. P. 26(b)(1).

2. **Document Request No. 2**: This request seeks documents relating to OPM's document retention policies for investigative documents. (Pl.'s App. to OPM Mot. to Compel at 2.) In response, OPM produced a document outlining the agency's retention and disposal policy for personnel investigations records, which Plaintiff concedes is relevant. (Pl.'s Mot. to Compel OPM at 6.) Thus, because OPM provided a full and complete response to her original request, Plaintiff's dissatisfaction is clearly unreasonable. Nonetheless, Plaintiff also demands that OPM produce a "OPM Personnel Manual," even though her original document request did not specifically ask for any such document. Plaintiff's vague and overbroad request also failed to even make an attempt to show how any personnel manual is relevant to the proceedings in Texas. Further, if Plaintiff is actually referring to the Federal Personnel Manual ("FPM") in her request,

OPM submits that the FPM has been abolished. *See, e.g.*, 60 FED. REG. 3055 (January 13, 1995); *New v. Dep't of Veterans Affairs*, 142 F.3d 1259, 1262 n. 3 (Fed. Cir. 1998). It is apparent that Plaintiff is seeking documents without any connection and totally irrelevant to her underlying case in Texas, and that her discovery requests are merely a "fishing expedition." Accordingly, because OPM already has complied by producing all responsive materials, the motion to compel should be denied as to this request.

3. **Document Request No. 3:** In this request, Plaintiff asks for "[a]ll documents stating the race, age, gender and educational level, including types of degrees and majors, handicap status, and criminal histories of all Immigration and Naturalization Service employees, all Department of Homeland Security employees, and INS immigration inspector employees. . . ." (Pl.'s App. to OPM Mot. to Compel at 2.) OPM objected to the request as overbroad, and unduly burdensome because it would require a hand review and copying of thousands of INS/DHS employee records. OPM also noted that employee records would not be released without execution of a protective order complying with the Privacy Act, 5 U.S.C. § 552a. Notwithstanding its objections, OPM did produce a document to Plaintiff providing summary statistics regarding the race and gender of DHS immigration inspector employees for 2001, 2002, and 2003.

At the outset, OPM submits that this request is improperly directed to OPM insofar that it seeks documents regarding current DHS employees that would be in DHS' custody. Plaintiff's request also should be denied as improperly overbroad and burdensome. Insofar that Plaintiff is seeking information from retirement files, upon information and

belief, OPM's retirement files cannot be retrieved by position title or agency name. Therefore, OPM would have to conduct a manual search of over 30 million otherwise confidential retirement records. Given that this request seeks information on individuals currently employed by DHS, compliance with the request essentially would require the production of each DHS/INS employee's Standard Form (SF) 86 application for Federal employment, where information regarding education, criminal history (if any), and protected characteristics is recorded. As DHS has more than 150,000 employees, the amount of time and expense necessary to review and copy these documents would be astronomical, especially considering that OPM is not even a party to Plaintiff's underlying lawsuit. Plaintiff should not be permitted to interfere with the national security mission of DHS with a burdensome "fishing expedition" masquerading as discovery. Nor should plaintiff be allowed to compile her own private "telephone book" of DHS employees as that raises a real threat and places those DHS employees at risk. Plaintiff states that she is "willing to reasonably limit the request," but has made no meaningful attempt to do so. Assuming *arguendo* that OPM had any duty to reply to these unreasonable requests, which it did not, the summary statistics already provided by OPM are more than responsive to her requests, and should be ample information for Plaintiff. The motion to compel should be denied as to this request.

    4.    **Document Request No. 4**: This request seeks all documents showing "standard or common questions" used during employee background investigations. OPM objected to the request as vague, overbroad, and privileged to the

extent that it seeks information protected by the law enforcement and deliberative process privileges.

Even if the request is limited to interview questions for DHS immigration inspector positions, as Plaintiff suggests, the limitation does nothing to obviate OPM's objections to this vague and overbroad request. Also, as argued above, there are no claims asserted against OPM or its background investigators in Plaintiff's underlying Title VII case, and thus Plaintiff's allegations that the investigators improperly inquired into her marital status and mental health are not reasonably calculated to lead to the discovery of admissible evidence against DHS.

To the extent Plaintiff is attempting to seek discovery of OPM's investigative process, OPM's investigative manual would be protected by both the law enforcement investigatory privilege and the deliberative process privilege. (Defs.' App. at 28-9, ¶¶ 6-7; 32, ¶¶ 3-4.) Congress has authorized, and the President has delegated, broad grants of authority to OPM to conduct these sensitive and important background investigations. *See, e.g.*, 5 U.S.C. §§ 1392, 3301, 7301 & 8801; 5 C.F.R. Pts. 5, 731 & 736; Exec. Orders Nos. 10450 (Apr. 27, 1953) & 12968 (Aug. 7, 1995). Accordingly, OPM is charged with conducting background investigations that involve determinations by Federal agencies of qualifications, suitability, and loyalty to the United States Government, or of security clearances and access to classified information or restricted areas. (*Id.* at 28, ¶ 4; 31, ¶ 2.) As a result, should documents laying bare OPM's investigative process become available to the public, this would detrimentally affect the

investigative process, including pending and future investigations, subvert national security interests, and thus compromise the law enforcement activities of the U.S. Government. (*Id.* at 28-9, ¶¶ 6-7; 32, ¶ 4.) Many of the jobs for which OPM and its contractors perform investigations are sensitive, including a number of positions requiring security clearances or having other national security related requirements. (*Id.* at 28, ¶ 4.) In addition, this draft Manual is a working draft and thus constitutes a predecisional working draft that is protected under the deliberative process privilege. (*Id.* at 32, ¶ 3.) OPM has produced a privilege log and a formal declaration asserting these privileges. (Id. at 28-9, ¶¶ 6-7; 32, ¶¶ 3-4.) Plaintiff fails to demonstrate any need for this draft Manual. Plaintiff's motion to compel should be denied as to this request.

     5.     **Document Request No. 5**: Plaintiff seeks in this request documents "showing what criteria caused removal of an applicant from the applicant pool for immigration inspectors, and when the criteria was employed . . . ." (Pl.'s App. to OPM Mot. to Compel at 2.) It cannot be disputed that OPM was not the agency that issued the negative suitability decision in this case. Therefore, Plaintiff improperly directed this request to OPM rather than DHS. Upon information and belief, especially since the "INS02-14" vacancy number cited by Plaintiff is not an OPM-generated vacancy announcement, OPM did not remove any of the applicants from the pool of candidates for this vacancy announcement.

     In addition, the request is so incomprehensible that it does not provide OPM with an adequate description of the materials that are sought. If Plaintiff's request is

interpreted to include documents showing the reasons why each unsuccessful applicant for the immigration inspector position was rejected, the request would require hand review of thousands of applicant files, and would be too broad and burdensome. On the other hand, if Plaintiff seeks documents detailing why she was removed from the applicant pool for the DHS position, those materials – including the show cause letters from DHS – already are in her possession, having been key documents in the MSPB proceedings. (Defs.' App. at 2.) Plaintiff's motion to compel should be denied as to this confusing request.

      6.    **Document Request No. 6**: In this request, Plaintiff demands "[a]ll documents showing both physically and mentally impaired immigration inspectors who have a history of misdemeanor crimes and employment terminations." (Pl.'s App. to OPM Mot. to Compel at 2.) OPM responded that this request was vague, overly broad, unduly burdensome, and impermissibly intrudes into personnel records.

Plaintiff's motion to compel should be denied as to this request. OPM reasserts its objections that Official Personnel Folders on current employees would be in the custody of DHS, and OPM's retirement files cannot be searched by agency or position, necessitating a hand review of over 30 million files. Moreover, to produce documentation regarding those immigration inspectors who have physical and mental impairments and a history of misdemeanor crimes and employment terminations would require a laborious hand review of the employment records of thousands of past and current DHS employees. It would not be relevant, and would constitute an unwarranted

intrusion into personal information protected by the Privacy Act. Moreover, a general search of all immigration inspectors would be pointless, since the documents would have no relevance to Plaintiff's case unless the DHS employee was hired under the same vacancy announcement that Plaintiff applied for. Further, suitability determinations are made on a case-by-case basis, thus prior determinations would have no applicability to Plaintiff's claims. Finally, Plaintiff's failure to define "physically and mentally impaired" necessarily would make any search of employee records by OPM unduly subjective and overly broad.

    7.    <u>**USIS Document Request**</u>: In her motion to compel, Plaintiff demands that OPM produce various documents from the United States Investigation Services, Inc. ("USIS"). (Pl.'s Mot. to Compel at 8.) However, Plaintiff has not served any such subpoena on OPM that requests this information. Instead, Plaintiff appears to be relying on a subpoena that she served solely on a private company, USIS, that contracts with OPM for various services. Plaintiff claims that discovery upon USIS is contingent upon OPM's approval. However, Plaintiff's only subpoena to OPM failed to address this request. Therefore, this request for these documents is not properly part of Plaintiff's motion, and it once again demonstrates the unreasonableness of this motion to compel.

    Nevertheless, to the extent, that this request may be said to be before the Court, OPM objects to this request insofar as it is vague, unreasonably broad and burdensome, and insofar as the documents have already been provided by OPM to Plaintiff. Any documents relating to her background investigation, including whether she has an "OPM

clearance investigation" or whether confidential information about Plaintiff was obtained, have already been provided to Plaintiff by OPM in her background investigation file. (Defs.' App. at 24-6, ¶¶ 8, 11, 12.) Further, the names of the investigators who conducted her background investigation during the course of the background investigation are clearly not relevant to the underlying complaint. Plaintiff's failure to define "procedural information" with sufficient particularity necessarily would make any search of USIS records by OPM unduly subjective and overly broad. Moreover, as discussed above, information regarding the investigators and any investigative techniques or procedures would be protected by the law enforcement investigatory privilege. (Id. at 29, ¶ 6; 32, ¶¶ 3-4.) To reiterate, should documents laying bare OPM's investigative process become available to the public, this would detrimentally affect the investigative process, including pending and future investigations, subvert national security interests, and thus compromise the law enforcement activities of the U.S. Government.

    **B.**    **The FBI Has Produced All Documents Relating to Plaintiff in its Possession.**

Plaintiff's sole document request to the FBI seeks "any documents not written by the plaintiff, including warrants or telephone logs, that relate to the plaintiff." (Pl.'s App. to OPM Mot. to Compel at 3.) On January 13, 2006, the FBI complied with this request, producing copies of all documents related to Plaintiff in its possession, custody, or control. (Defs.' App. at 22, ¶ 5.) The only other documents related to "Greta Crawford" that the FBI did not produce concerned an African American male prisoner guard with the same name as Plaintiff. (*Id.* at ¶ 6.) Accordingly, because the FBI has provided Plaintiff

OPM and FBI Resp. to Mots. to Compel – Page 13

with all the documents in the agency's possession, custody, or control that relate to Plaintiff, there are no further documents to be compelled. The motion to compel against the FBI should be denied.

## III. CONCLUSION

For the reasons set forth above, the Federal Defendants respectfully request that this Court enter an Order denying Plaintiff's Motion to Compel, and rejecting Plaintiff's request for sanctions and costs against the Federal Defendants.

                              Respectfully submitted,

                              RICHARD B. ROPER
                              UNITED STATES ATTORNEY

                              *Stephen P. Fahey/by sas*
                              STEPHEN P. FAHEY
                              Assistant United States Attorney
                              Illinois State Bar No. 6274893
                              1100 Commerce Street, Third Floor
                              Dallas, Texas 75242-1699
                              Telephone: 214.659.8718
                              Facsimile: 214.767.2916