UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

GRETA CRAWFORD,

       Plaintiff,

v.

UNITED STATES OF AMERICA, et al.

       Defendants.

Miscellaneous Action
No. 05-021 (JDB)

**DECLARATION OF KATHY D. BAKER**

I, Kathy D. Baker, declare as follows:

(1) I am currently a Supervisory Freedom of Information/Privacy Act Specialist with the Office of Personnel Management's (OPM) Federal Investigative Services Division. From May 21, 2000 to April 19, 2003, I held the position of Lead Freedom of Information/Privacy Act Specialist. My responsibilities include processing requests for access to records contained in the OPM/Central-9, Personnel Investigations Records system, which is located in Boyers, Pennsylvania. The statements I make herein are either on the basis of my own personal knowledge or on the basis of knowledge acquired by me through the performance of my official duties.

(2) In reference to the above titled action, I have reviewed the investigative file and computer records maintained by OPM for Greta Crawford. These records are kept in accordance with regular business practices of OPM.

(3) According to our system of records, the Internal Revenue Service (IRS), Boston, Massachusetts submitted requests to OPM on April 30, 1987, May 1, 1987, and June 25, 1987, to conduct a National Agency Check and Inquiries (NACI) investigation on Ms. Crawford in connection with the position of Taxpayer Service Representative. The case

papers in each instance did not contain complete information to be able to initiate the background investigation; therefore, the case papers were returned to the IRS as unacceptable.

(4) The IRS, Boston, Massachusetts again submitted a request to OPM to conduct a NACI investigation in connection with the position of Taxpayer Service Representative. We scheduled the investigation on August 26, 1987, and closed the investigation on November 23, 1987.

(5) The Bank of America, IRS Lockbox Project, Richardson, Texas, submitted requests on March 13, 2002, and March 14, 2002, to conduct a Special Agreement Check (SAC). These SACs were completed on March 14, 2002, and March 15, 2002; however, no microfilm file was maintained.

(6) The IRS, Austin, Texas submitted a request on August 14, 2002, to conduct a Special Agreement Check in connection with the position of "CRS." The SAC was completed on August 29, 2002; however, no microfilm file was maintained.

(7) The Immigration and Naturalization Service (INS), Fort Snelling, Minnesota submitted a request on June 14, 2002, to conduct a Background Investigation in connection with the position of Immigration Inspector. The investigation was completed on October 17, 2002. During the Personal Subject Interview, Ms. Crawford furnished a copy of a document from the Superior Court of the District of Columbia, Civil Division. This document was included as part of Ms. Crawford's investigative file. During the investigation, we contacted the DC Superior Court, Washington, DC and obtained information regarding charges on September 30, 1996. The dispositions were shown as No Papered or Dismissed for Want of Prosecution.

(8) On September 11, 2002, Ms. Crawford submitted a request for copies of all information maintained by OPM that pertained to her, specifically information related to a security clearance for the Bank of America/IRS in 2002, and the INS in 2002. On September 19, 2002, we notified Ms. Crawford that we had received her request; however, we advised that an investigation was still in progress and we could not respond to her request until the

investigation was complete and the agency had notified us of its adjudicative action. We received a second request dated August 28, 2002, that was referred to this office by OPM's Office of the Chief Information Officer. We again advised Ms Crawford on October 1, 2002, that her investigation was still pending. We received a request dated September 11, 2002 (sic), acknowledging she had received our September 19th and October 1st acknowledgement letters and requested the investigations that were closed. We acknowledged her latest request on October 23, 2002, and informed her that we would furnish the requested information as soon as possible. We notified the INS that we had received a Privacy Act request from Ms. Crawford; however, we had no record of the adjudicative action. Therefore, we advised the INS that we would release the investigative file in 30 days unless notified otherwise. We furnished the results of the 1987 NACI investigation for the IRS and also furnished the results of the 2002 BI for INS to Ms. Crawford on December 5, 2002. At that time, we also notified her of the SAC requests and that information was withheld pursuant to 552a(k)(5).

(9) On December 4, 2002, we received a letter dated November 25, 2002, from Ms. Crawford requesting the correction of records. Her letter included attachments A-E. We responded on December 13, 2002, and notified Ms. Crawford that the documents referenced in Attachments A-E were the property of the U.S. Department of Justice and appeared to have been released to her by the Freedom of Information/Privacy Acts Section for the U.S. Department of Justice. Because these documents were not the property of OPM, we informed Ms. Crawford that she should re-contact the Department of Justice with her concerns and questions. It is also noted at this time that these documents were never a part of Ms. Crawford's investigative file at OPM.

(10) Ms. Crawford sent a letter dated March 17, 2005, indicating she received the information that was sent on December 5, 2002. She advised after December 5, 2002, we should have received a copy of a 17 page document entitled Responses to Testimony Report and 16 attachments, and a personal statement with attachments A – M. She asked for a list of all records received or retained since our last response. Ms. Crawford's letter did not contain sufficient identifying information; therefore, a letter was sent on March 30, 2005, asking for a

25

date and place of birth and her social security number. After receipt of the additional identifying information, we notified Ms. Crawford on September 6, 2005, that we have not received any documents for inclusion in her investigative file since we responded to her Privacy Act request on December 5, 2002. We advised we had no record of receiving the documents listed in her March 17th letter.

(11) On August 26, 2005, I received an e-mail from Justin Mason, Attorney-Advisor, Office of the General Counsel, Office of Personnel Management advising he was faxing a subpoena and requested that we send a copy of Ms. Crawford's background investigation for his review. To this end, we checked all the ordinary places for information regarding Ms. Crawford to include OPM's Personnel Investigations Processing System which would identify any microfilm files, as well as the file maintained by the Freedom of Information/Privacy Act branch. We obtained the investigative files from microfilm, and copied documents from Ms. Crawford's FOI/PA file. The request letters from Ms. Crawford and our responses were faxed to Mr. Mason on August 30, 2005. We sent a copy of the investigative file that we furnished to Ms. Crawford by courier mail to Mr. Mason. It is standard procedure when dealing with sensitive investigative information to forward the investigative file by courier mail.

(12) There are no other documents regarding Ms. Crawford of which I am aware. We have searched all appropriate locations and repositories containing investigative information. I have been involved in responding to Privacy Act requests for many years and believe that no further documents exist.

(13) Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 1st day of February, 2006.

_Kathy D. Baker_
Supervisory FOI/PA Specialist
Freedom of Information/Privacy Act Group
Office of Personnel Management
Federal Investigative Services Division, Boyers, PA