UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| GRETA CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | Miscellaneous Action |
| v. ) | No. 05-0521 (JDB) |
| ) | |
| UNITED STATES OFFICE OF ) | |
| PERSONNEL MANAGEMENT, et al. ) | |
| ) | |
| Defendants. ) | |

### DECLARATION OF KATHY DILLAMAN

I, Kathy Dillaman, declare as follows:

1. I am the Associate Director, Federal Investigative Services Division ("FISD"), Office of Personnel Management ("OPM"). I have worked in OPM's Investigations program since 1977 and have held this position since October 2005. My general responsibilities are to provide senior executive leadership for the program including oversight of both the Federal and contractor staff who conduct the investigations. I have a Top Secret level security clearance, granted by OPM.

2. My program is responsible for conducting over 90% of the background investigations for the Federal Government, including those required by the Department of Defense. In 2006, over 1.5 million new investigation requests for over 100 Federal agencies will be initiated. These investigations are of Federal employees, applicants, contractors requiring a security clearance, and active military personnel.

3. It is my understanding that Plaintiff has requested documents in connection with the above-captioned case, including Plaintiff's document request no. 5 that seeks "all documents showing standard or common questions used during background investigations with any investigative interviewee, such as questions regarding health or

1

27

marital status of the person being investigated."

4. OPM has authority under various laws, regulations, and Executive Orders, including sections 1304, 3301, 7301, and 9101, of title 5, U.S. Code, parts 5, 731, and 736 of title 5, Code of Federal Regulations, and Executive Orders 10450 and 12968, to conduct background investigations for the purposes of making determinations of qualifications, suitability, and loyalty to the United States, or of access to classified information or restricted areas. Many of the positions for which OPM and its contractors perform investigations are sensitive, including a number of positions requiring security clearances or having other national security-related requirements. Pursuant to its authority, OPM has drafted an Investigators' Handbook for OPM and contractor investigators. This manual was developed by employees of OPM with extensive training and experience in the conduct of investigations, comprehensive knowledge of the various governing regulations and Executive Orders cited above, and in consultation with the Department of Defense's Defense Security Service. I have personally examined OPM's Investigator's Manual.

5. The Investigator's Manual is a document that relates to OPM's investigative process, including investigative guidelines, instructions, techniques, procedures, and other information, for OPM and contract investigators who conduct background investigations. In addition, other Federal agencies with delegated authority to conduct background investigations use this manual. This document also includes information regarding the issues an investigator inquires about when conducting interviews during the investigative process, including issues related to foreign contacts, criminal history, and counterintelligence issues. The types of interviews include personal subject interviews of those subject to an investigation as well as source interviews. This manual is used not only in connection with investigations for the adjudication of the suitability of Federal

*Declaration of Kathy Dillaman*               2

employees, and applicants for Federal employment, but also with investigations for the determination of the eligibility of Federal employees, applicants, contractors or active military personnel for security clearances, in other words, eligibility to be granted access to classified information.

6. Because of the critical importance of this investigative document and information to OPM's sensitive investigative process, I have determined there is a need to limit access to this draft document for official use only in the interests of national security. I have also found that should documents related to OPM's investigative process and civil law enforcement functions, including this manual, be made available to the public, especially people seeking employment in sensitive and critical positions requiring a security clearance, the resulting knowledge they would gain of the investigative process, including investigative techniques and procedures, could adversely affect the integrity of the investigative process, subvert national security interests, and circumvent OPM's enforcement of civil laws.

7. Based upon the following reasons, I have found that disclosure of this document would be detrimental to the national security of the United States of America:

a. OPM's investigative guidelines, techniques, and procedures must be held in confidence by the Executive Branch of the U.S. Government in order to protect the integrity of the background investigative process, and to ensure that OPM's enforcement of relevant laws, regulations, rules, and executive orders is not circumvented; and

b. Disclosure of a document and information related to OPM's investigative process to the public is not in the interests of, and may jeopardize, the efficiency and integrity of the operations of the U.S. Government, including its law enforcement and investigative functions, and the national security.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct to the best of my knowledge and belief.

Executed this 2nd day of February, 2006.

KATHY DILLAMAN
Associate Director
Federal Investigative Services Division
Office of Personnel Management
Washington, D.C.

*Declaration of Kathy Dillaman*         4

30