## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

**FEB 2 2 2006**

**GRETA CRAWFORD,**

Plaintiff,

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

v.

**Miscellaneous Action No.
05-0521 (JDB)**

**UNITED STATES OFFICE OF
PERSONNEL MANAGEMENT, et al.,**

Defendants.

## MEMORANDUM OPINION & ORDER

Presently before the Court are three motions to compel filed by plaintiff Greta Crawford

against the Office of Personnel Management ("OPM"), the Federal Bureau of Investigation

("FBI"), and the United States Attorney's Office for the District of Columbia ("USAO-DC").[1]

Plaintiff seeks various material from OPM, USAO-DC, and FBI that she claims is relevant to her

underlying litigation in the United States District Court for the Northern District of Texas. That

pending case is an appeal from the Merit Systems Protection Board's determination that plaintiff

was unsuitable for employment as an Immigration Inspector with the Immigration and

Naturalization Service ("INS"). See Crawford v. Dep't of Homeland Security, Civil Action No.

3:04-CV-2619-L (docket). In that case, plaintiff has named the United States and the

---

[1]Plaintiff has also filed a motion to seal. The Court is not convinced that there is any justification for sealing the documents filed in this case. Plaintiff's motion to seal is, accordingly, denied.

-1-

Department of Homeland Security ("DHS") as the only defendants; her motion to amend her

complaint to add OPM and DOJ as parties was denied earlier this month. See Crawford, Civil

Action No. 3:04-CV-2619-L, dkt. no. 114 at 2 (order of Feb. 9, 2006), dkt. no. 119 (order of Feb.

15, 2006). In addition to the appeal from the unsuitability determination, the underlying Texas

litigation advances whistleblower and Title VII employment discrimination claims against the

United States and DHS.

According to plaintiff, OPM, FBI, and USAO-DC responded to her initial discovery

requests insufficiently or evasively, prompting her to procure a non-party subpoena under Federal

Rule of Civil Procedure 45 against USAO-DC, and to obtain a discovery subpoena under Federal

Rule of Civil Procedure 34 against OPM and FBI. Plaintiff insists that OPM, FBI, and USAO-

DC have not complied with their respective subpoenas. USAO-DC has moved to quash the

subpoena, and OPM and FBI have filed memoranda in opposition to plaintiff's motions to

compel. For the reasons discussed below, the Court will grant USAO-DC's motion to quash and

deny plaintiff's motions to compel.

## I.  USAO-DC

To begin with, plaintiff's subpoena against USAO-DC purports, on its face, to be issued

pursuant to Fed. R. Civ. P. 45. By its terms, that Rule applies to "person[s]." See Fed. R. Civ. P.

45. The ordinary, strong presumption is that federal agencies are not "person[s]." See, e.g., Vt.

Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 780, 781 (2000); Will v.

Mich. Dep't of State Police, 491 U.S. 58, 64 (1989). Indeed, those district courts in this

jurisdiction that have squarely encountered this issue have uniformly found that non-party

government agencies are not "persons" within the meaning of Fed. R. Civ. P. 45. See  SEC v.

Biopure Corp., Misc. Action No. 05-506, Slip Op. at 8 (D.D.C. Jan. 20, 2006) (hereinafter "Biopure Mem. Op."); Truex v. Allstate Ins. Co., Misc. Action No. 05-439, 2006 U.S. Dist. LEXIS 424 at *11 (D.D.C. Jan. 1, 2006); AlohaCare, Inc. v. Haw. Dep't of Human Servs., Misc. Action No. 04-498 (D.D.C. Jun. 28, 2005) (memorandum opinion) (hereinafter "AlohaCare Mem. Op."); Yousuf v. Samantar, Misc. Action No. 05-110, 2005 U.S. Dist. LEXIS 8488, at *14 (D.D.C. May 3, 2005); United States ex rel. Taylor v. Gabelli, Misc. Action No. 04-534, 2005 U.S. Dist. LEXIS 8489, at *7 (D.D.C. May 2, 2005); Lerner v. District of Columbia, Civil Action No. 00-1590, 2005 U.S. Dist. LEXIS 10154, at *17 (D.D.C. Jan. 7, 2005). Although the D.C. Circuit has not expressly resolved this issue, an opinion touching on the subject strongly intimates that the district court's recent interpretations of Rule 45 are correct. See Linder v. Calero-Portocarrero, 251 F.3d 178, 181 (D.C. Cir. 2001) (stating that "[a]lthough our past decisions have assumed that 'person' in Rule 45 included the federal government, we have never expressly so held and our assumption may need to be reexamined in light of Al Fayed [v. CIA, 229 F.3d 272 (D.C. Cir. 2000)]"); see also AlohaCare Mem. Op. at 9 (stating that the D.C. Circuit has "dropped significant hints" that Rule 45 does not apply to the federal government); cf. Al Fayed v. CIA, 229 F.3d 272, 312-13 (D.C. Cir. 2000) (holding that the Central Intelligence Agency is not a "person" within the meaning of 28 U.S.C. § 1782 and quashing subpoena issued pursuant to that statute). Hence, because the USAO-DC is a government agency, it is not a "person" within the meaning of Rule 45 and the subpoena is invalid.

Furthermore, plaintiff cannot now argue that DOJ and/or USAO-DC are parties to the underlying Texas litigation. A plaintiff may not make all federal agencies parties simply by naming the sovereign as a party. See Biopure Mem. Op. at 8. Tellingly, in the underlying Texas

-3-

litigation, plaintiff moved to amend her complaint to add DOJ as a party, which was denied.

That constitutes an implicit acknowledgment that DOJ is not already a party.[2]

## II. FBI

Neither FBI nor Edward Broussard (an FBI official) are named parties in the underlying

Texas litigation.  The subpoenas issued against FBI and Broussard were issued pursuant to Fed.

R. Civ. P. 34, which only applies to parties.  See Fed. R. Civ. P. 34 (using party-specific

language only); see also CORPUS JURIS SECUNDUM FED. CIV. PROC. § 712 (West 2005) (stating

that "persons who are not parties to an action may not be compelled to produce documents or

things under the Rule governing requests for production").  Hence, those subpoenas are invalid.

Indeed, Fed. R. Civ. P. 34(c) explicitly recognizes that Fed. R. Civ. P. 45 is the proper

mechanism for subpoenaing a non-party.  See Fed. R. Civ. P. 34(c) (stating that "a person not a

party to the action may be compelled to produce documents and things . . . as provided in Rule

45").  In this case, no Rule 45 subpoena has been issued as to either FBI or Broussard.

Moreover, even if a Rule 45 subpoena were issued against the FBI, the Court could not grant

plaintiff's motion to compel -- as discussed above, Rule 45 does not apply to a government

agency.

---

[2]In any event, plaintiff's motion is also moot, as the USAO-DC has already begun
processing her document request.  As a non-party and non-"person," DOJ was under no
independent duty to comply with plaintiff's subpoena, particularly because plaintiff failed to
comply with the agency's procedure for document requests (known as Touhy regulations).
USAO-DC informed plaintiff that she needed to comply with the Touhy regulations and provided
her with a copy of those regulations, but plaintiff failed to do so.  Nevertheless, of its own
accord, the USAO-DC has decided to interpret plaintiff's invalid Rule 45 subpoena as a Touhy
request, and has begun processing that request.  In the few weeks that have passed since this
determination was made, USAO-DC has been unable to obtain the requisite internal
authorizations to release certain documents to plaintiff.  The Court has no reason to doubt that
USAO-DC and DOJ are undertaking a good-faith effort in this regard.

Finally, the Court can find no reason to doubt the FBI's assertions that all relevant documents within its custody or control that pertain to plaintiff have already been provided to plaintiff. Plaintiff's unclear descriptions of documents about which she claims to have personal knowledge, which she says have not been provided to her by the FBI, are insufficient to convince the Court otherwise. She offers no proof of the existence of these documents and fails to show how they would be relevant to the underlying Texas litigation. Plaintiff has also asked the Court to compel FBI and Broussard to provide documents pertaining to a different Greta Crawford -- someone with completely different identifying characteristics and no connection to the underlying Texas litigation or to the plaintiff, who simply happens to share the same name as plaintiff. But plaintiff's initial document request never asked for documents pertaining to a different Greta Crawford, and even if plaintiff's subpoena were valid, the Court would not require the FBI to produce such documents. For all of these reasons, plaintiff's motion to compel the FBI and Broussard is denied.

## III. OPM

Plaintiff has requested seven different types of information from OPM. OPM argues that plaintiff's requests are indecipherable, unduly burdensome, overly broad, seek privileged or irrelevant information, and seek information that OPM cannot provide. OPM further states that it has complied with each request to the extent reasonably possible. The Court has reviewed plaintiff's document requests and OPM's responses, and is convinced that OPM has made a reasonable effort to provide plaintiff with relevant information that she seeks. For example, plaintiff has been able to obtain her official personnel folder and background investigation report, OPM's document retention policy, and a document providing statistics regarding the race and

gender of immigration inspectors employed by DHS in 2001, 2002, and 2003. Ultimately, OPM was not required to make such efforts, since it, too, is a federal agency and is not a named party in the underlying Texas litigation. For the same reasons discussed above in connection with the Rule 34 subpoena issued against FBI and Broussard, the Rule 34 subpoena issued against OPM is also invalid. Hence, plaintiff's motion to compel OPM is denied, on that basis as well as OPM's good-faith, reasonable compliance.

## CONCLUSION

Accordingly, upon consideration of plaintiff's motions to compel, USAO-DC's motion to quash, the memoranda of the parties, applicable law and the entire record herein, and for the reasons stated above, it is this 22nd day of February, 2006, hereby

**ORDERED** that plaintiff's motion to compel USAO-DC is **DENIED**; it is further

**ORDERED** that USAO-DC's motion to quash plaintiff's subpoena is **GRANTED**; it is further

**ORDERED** that plaintiff's motion to compel FBI and Broussard is **DENIED**; it is further

**ORDERED** that plaintiff's motion to compel OPM is **DENIED**; and it is further

**ORDERED** that plaintiff's motion to seal is **DENIED**.

/s    John D. Bates
JOHN D. BATES
United States District Judge

*Copies to*:

Greta Crawford
5702 Victor Street #6
Dallas, TX 75214

Telephone:  (214) 828-1670
            *Pro se plaintiff*

Steve Fahey
United States Attorney's Office
1100 Commerce Avenue, 3rd Floor
Dallas, TX 75242-1699
Telephone:  (214) 659-8600
Fax:  (214) 767-2916

Stratton Strand
United States Attorney's Office
Judiciary Center
555 Fourth St, NW
Washington, DC 20530
Telephone:  (202) 514-8780
            *Counsel for defendants*