UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA
Washington, DC

| | |
|---|---|
| GRETA CRAWFORD, Petitioner/Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: ) 1:05-mc-00521-JDB |
| UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, Defendants. | ) ) ) ) |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF 2/22/06 ORDER**

A February 22, 2006 court order arrived on February 27, 2006. Pursuant to Fed. R. Civ. P. 59 and 60(b), and any other applicable law, the plaintiff timely files for reconsideration of the February 22, 2006 order denying discovery.

1) The Department of Homeland Security and the United States are arguably not the only defendants. For example, the Texas district court did not rule on the 7/25/05 Second Amended Complaint, which includes the Department of Justice ["DOJ"]. See 2/10/06 at point (1) p. 2, 2/15/06 Texas District Court Orders.

2) The court is only bound by DC circuit decisions, none of which the court claims expressly resolve whether an agency is a person. 2/22/06 DC Court Order at p. 3.

3) Motions to make various agencies parties were pending at the time of the briefing, and are still pending. The plaintiff did not argue that various agencies were parties simply because the United States was named. Liability from DOJ, where the plaintiff applied for the immigration position, transfers to DHS. 6 USC s. 251. The plaintiff moved to amend the Complaint and to add DOJ as a party not as "an implicit acknowledgement" that DOJ is not already a party, but to ensure that liability for reprisals, largely covered in the plaintiff's whistleblowing claim, were covered by the suit, if not already covered by 6 USC s. 251. Eg. 7/25/05 Second Amended Complaint at p. 28 ("Claim against DOJ").

4) The DC US Attorneys Office did not exert standing and has no standing to extend its Touhy arguments to the Office of Personnel Management ["OPM"] and to the Federal Bureau of Investigation ["FBI"].[1] <u>McMahon Sec. Co. LP v. FB Foods, Inc.</u>, No.M8-85 2005 US Dist.

---

[1] The DC US Attorneys Office never responded to administrative discovery at the Merit Board, and its subsequent request for cooperation with Touhy regulations came years later after a subpoena was issued, and after a response from the DC office was due. The Touhy requirement that a detailed request be made

1

LEXIS 26301 (SDNY Nov. 2, 2005). The court should not construct them. The plaintiff met OPM's requirement that a subpoena from the DC District Court be issued under Rule 45 and it is outrageous and in bad faith to conjure up requirements after the plaintiff met them. See *App. 1, Cover Letter to OPM at p. 1,* and 1/27/06 Pl. Motion re Continuance App. 1, p. 1 (second subpoena sent in response to OPM's demand for a DC subpoena). The FBI also responded to the subpoena, though it failed to produce all documents, including those outlining trips to her employers' offices and the like, because the FBI failed to look outside certain indices. 2/6/06 OPM/FBI Oppos. Affid. Para. 2, at p. 20. OPM, DHS and the FBI, all partially complied.

5) Respecting Fed. R. Civ. P. 34 and 45, the court argued that the subpoenas were invalid since they were issued pursuant to Rule 34. 2/22/06 DC Court Order at p. 4. The subpoenas all expressly state that they were issued under Rule 45, and there is no other provision under the Federal Rules of Civil Procedure to issue a subpoena. Rule 34(a) applies to parties and 34(c) address the procedure for non-parties to obtain discovery through Rule 45, and the plaintiff has complied. "Fed. R. Civ. P. 34(c) addresses the production of documents by non-parties to an action and directs a party to follow Fed. R. Civ. P. 45 to obtain such production. Fed. R. Civ. P. 45 provides a procedure for obtaining documents from non-parties through the use of subpoenas" by obtaining blank subpoenas from court. Beaver v. Supercuts, 2005 US Dist. LEXIS 33772, *10 (D.Kan. Dec. 16, 2005) (erroneous to seek non-party discovery by motion prior to a 26(f) conference).

6) Broussard is a person, and he was properly subpoenaed under Rule 45. Discovery to non-parties is only somewhat limited, it is not precluded nor is non-party status a valid argument against the policy of liberal discovery to review facts prior to trial. In re Application of First Chicago Corp., 1988 US Dist. LEXIS 6836 (July 8, 1988).

7) There is no compelling or even reasonable argument that the subpoenas were invalid under Touhy policies, since the Texas case is a Merit Board appeal. OPM directed the plaintiff to send a DC subpoena. The plaintiff complied with the administrative provisions governing Merit Board proceedings under Title 5 of the US Code, and the idea that the plaintiff would again seek administrative ruling under the Administrative Procedures Act under Title 5 of the US Code in an appeal of a Merit Board proceeding is untenable. The "disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose." 2/6/06 DC US Attorneys Motion to Quash p. 12. The court never addresses the authority of the Merit Board, nor the fact that an administrative proceeding where a subpoena may issue against a federal entity has already been held. These Merit Board rules control and supercede the general policies listed by the DC US Attorneys Office. See 1/5/06 Pl Motion to Compel US Attorneys. The Merit Board is authorized to issue subpoenas against the federal entities and persons. AFGE Local 922 v. Ashcroft, 354 F.Supp. 909, 911-913 (E.D.Ark. 2003). 5 CFR ss. 1201.73, 1201.81. In short,

---

was completed many times, despite any assertions to the contrary.

justification has been provided for overcoming any presumption that the government is not a person. Lerner v. District of Columbia, 2005 US Dist. LEXIS 10154, *14 (D.C.Cir. Jan. 7, 2005).

8) Proof that all FBI documents were not searched for and then provided is clear from the "excised" cover page on its discovery. 2/10/06 Pl. Reply App. 2, p. 5. The "excised" label is not the "standard language placed on all documents produced by the FBI that are intended for dissemination outside the Bureau" as the FBI employee claimed in her affidavit. 2/6/06 OPM/FBI Oppos. at App 3, Para. 7, p. 22 (regarding redacted copy). There is no excised label on other FBI material. See Pl. 12/16/06 Pl. Mot. to Compel OPM, App. 5, p. 23, 25, 28 (FBI cover pages with no "excised" label.) Proof that all documents were not searched or provided is also clear from the FBI affidavit which states that only certain indices were searched. 2/6/06 FBI/OPM Opposition, App. 3 Affidavit p. 20-22. Responsive material is available under names other than the plaintiff's such as office names, and information is in different FBI offices, or in non-indexed information. Id. at p. 20 ("records which are pertinent to specific field offices are maintained at those field offices.") The FBI affidavit also admits that only information "essential for future retrieval is indexed." Id. at p. 21. The FBI never claimed to have performed the search necessary to procure these documents. The FBI documents sought are only in the possession of the FBI and as such the court's request for proof is unclear.

The court's January 13, 2006 order to the DC US Attorneys, the FBI and OPM does not show any confusion about the documents requested. The documents sought are clearly articulated and their relevance was expressed. See 1/4/06 Pl. Motion to Compel FBI, p. 3-6. For example, the whistleblowing claim includes allegations about entries into the plaintiff's home and employers' offices, including chambers in 1994-95. Documents about Backus & Associates are relevant to the DHS suitability charge about the firm. An FBI agent entered the firm, and the FBI is clearly embroiled in another matter. There is no question that documents exist. 2/10/06 Pl. Reply at App. 6, p. 21-23, Newspaper Articles. In another example, the FBI did not respond with material pertaining to the period after the administrative proceeding where various workplaces and offices were used. The documents show breach of investigative authorizations, coercion and unlawful dissemination of information from the application, investigation and sealed administrative proceeding.[2] Mahtesian v. Lee/Wong, 406 F.3d 1131 (9th Cir. 2005) (civil service prohibited practice to reveal information from background investigation). Bowie v. USPS, MSPB No. BN-0752-96-0346 (Oct. 2, 1996) (coercion to settle appeal). Santiago Ramos v. Centennial PR Wireless Corp., 217 F.3d 46 (1st Cir. 2000) (pretextual post-hoc justifications for employment action).[3]

---

[2] Additional and pointless distribution of the information does not moot the argument, the authorizations are still breached, the clearance required to view the material was violated, and a remedy.

[3] The administrative record was open during this period and the coercive tactics occurring shortly thereafter were clearly related. 1/4/06 Motion to Compel FBI at 5-6. 2/10/06 App. 7 Merit Board Letter, p. 24-25. The documents sought include any records of calls with Broussard and a call to Agent Lang who overheard dissemination of sealed material. See 1/4/06 Motion to Compel, App. 14 at p. 58 (Letter to Merit Board about Lang) and *App 2, Stipulation, p. 2* (regarding discovery of various matters including

3

All documents are "reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1), despite any bald assertion to the contrary by DHS. Violations of law and regulation overturn suitability determinations. 5 USC s. 7703. A negative suitability determination will not be upheld, even where the charges are proven, where determinations are 1) arbitrary, an abuse of discretion or otherwise not in accord with law; 2) obtained without the procedures required by law or regulation; or 3) unsupported by substantial evidence. 5 USC s. 7703(c). See also 5 USC s. 7701. 5 USC ss. 2301(a)(2), 2302(b). Affirmative claims like discrimination, and civil service violations such as prohibited practices overturn negative suitability determinations.

9) FBI documents pertaining to a person with the same name, reported as another person, are relevant. 2/6/06 FBI/OPM Opposition, Exh 3, FBI Affidavit, Para. 6, p. 22. The reference pertains to the plaintiff or could be construed as such, as no such guard exists. 2/10/06 Pl. Reply at App. 3 DOJ FOIA/PA Appeal re Bureau of Prisons FOIA/PA Response, p. 18. The fact that the FBI repeatedly qustioned the association between the plaintiff and the records is pertinent to the fact that false indexes are maintained, obstructing competition for employment.[4]

10) Discovery is due as a matter of course. Being a non-party is no excuse for failing to provide discovery. In re Application of First Chicago Corp. Undeniably, OPM and its agent, US Investigations Services, Inc., ["USIS"], conducted the background investigation, and failed to interview the persons it stated were interviewed.[5] 12/16/06 Motion to Compel OPM, App 7, 36-41. OPM impermissibly summarized remarks supposedly made by witnesses, and failed to provide signed or sworn statements, or the names of all investigators, one of whom was purportedly replaced during the investigation. DOJ v. Jordan, MSPB BN-0731-01-0166-I-1 (June 21, 2002).

DHS was not forthcoming about the investigation. DHS only partially disclosed information

---

incident in Lang letter).

[4] Other records, including false indexes, show deception and obstruction of employment. 5 USC s. 2302(b)(4). One OPM record confused the plaintiff and her former employer. 12/16/05 Motion to Compel, and App. 5, p. 20-33. OPM interpreted its computer summary as an investigation, and a jury is free to interpret the error as one obstructing the plaintiff's employment. 12/16/05 Pl Motion to Compel OPM, App. 4 p. 19 ("it is a crime for an employee to maintain a system of records without meeting the notice requirements of the Privacy Act.") See also Dickson v. OPM, 828 F.2d 32 (DC Cir 1987) (liability for maintaining false records under Privacy Act). The accuracy and fairness provision is the same as the language requiring accuracy and fairness under the Civil Service Reform Act at 5 CFR s. 731.103(e).

[5] Authority for background investigations is usually delegated to agencies, and both OPM and agencies hold responsibilities for the investigation and determination. 5 CFR s. 731.103(a). OPM is involved in applications and selections. OPM developed standards and policies for removal of candidates and agencies must adhere to these standards. Eg., 5 CFR s. 731.103(b), (c).

about one investigator's employment on the eve of trial, after discovery closed. See 1/4/06 Pl. Motion to Compel FBI at App. 7, p. 29, DHS investigative disclosure, and inconsistent disclosure from interviewee showing that OPM directly participated in the investigation. Id. at App. 8, p. 30.

While DHS has the legal right to obtain the documents from OPM and USIS on demand, DHS refused to disclose relevant documents throughout the administrative proceeding. Then in the district court, DHS refused to properly disclose such information at the initial disclosures and during discovery. "For purposes of Fed. R. Civ. P. 34, documents are deemed to be in a party's possession, custody or control if that party has actual possession, custody or control of the materials, 'or has the legal right to obtain the documents on demand.'" Klesch & Co. v. Liberty Media Corp., 217 FRD 517, 520 (D.Colo. 2003). OPM and DHS acted as one in the suitability determination and DHS should have tendered all relevant documents long ago. Klesch at 521. USIS is an agent of OPM and DHS.

Whether OPM directly provides the material, or whether DHS acquires the material from its agent, OPM, the material is obviously relevant and should be provided. OPM delayed its response and exaggerated its burden in obtaining the documents. The plaintiff already had her federal personnel records and the investigative report from Privacy Act requests. Both the Freedom of Information Act and Privacy Act require responses within 10 days. 5 USC ss. 552(a)(6)(E)(1), 552a (d)(2)(A). Similarly situated persons records are readily obtainable from show cause.

The topics include discrimination. Discovery about disability, similarly situated persons, and business practices was never provided. Pertinent records of similarly situated persons could be found through show cause letters, or requests for accommodations, or objections to rejections based on perceived handicaps. Pertinent information about discrimination is not optional, and failure to produce the material at the administrative level was reversible error. Mitchel v. Espy, 845 F.Supp. 1474, 1497-98 (D.Kan. 1994). DHS took advantage of its own impermissible failure to disclose, and sought to dismiss the claims in its Summary Judgment Motion. 12/16/05 Motion to Compel OPM, App. 13 Def. Sum. J. at p. 67-72. OPM prompted questions about marital status and disability in violation of 5 USC ss. 2301 and 2302(b). The plaintiff also needs the copy of the January 2001 altered complaint, which shows that the DHS defendants were aware of the suit against the United States and DOJ and retaliated through its suitability determination. Stanek v. Dept. of Transp., 805 F.3d 1572, 1580 (Fed. Cir. 1986). The investigator mentions the suit in the investigative report. Some documents purportedly used by the investigators was destroyed by the company and cannot be found elsewhere. Eg. 12/16/6 Motion to Compel OPM App. 3, p. 15 (claiming to view PEC records) and App. 20 p. 82-84 (destruction of PEC records). These records should have been attached to the investigative report. Other records sought were discussed in the 12/16/06 Motion to Compel.

11) Unopposed motions are generally granted. The 2/10/06 Motion was presented with a Seal Order. 2/1/0/06 Pl. Reply at App. 1 2/17/05 District Court Order, p. 1-3. The FBI and OPM filed a copy of the MSPB Initial Decision that was sealed by both the Merit Board and the Texas District Court. See 2/6/06 OPM/FBI Opposition Exhibit 1 (MSPB Initial Decision). This

5

document and the others sought to be sealed contain expunged or confidential medical, personnel or financial information, or collations of information not readily accessible to the public. <u>Dept. of Justice v. Reporters Comm.</u>, 489 US 749 (1989). The documents should be sealed.

## CONCLUSION

The documents requested in the Motion to Compel the FBI and OPM should be produced immediately, and sanctions should be imposed for late, evasive and incomplete responses. The plaintiff renews her request for sanctions. The DC US Attorneys never responded administratively. All entities failed to timely respond. For this reason alone, sanctions and costs should be imposed. Additionally, responses were both incomplete and evasive.

DATED this *1st* day of March 2006.

Signed,

Greta Crawford, Plaintiff
5702 Victor Street #6
Dallas, TX 75214
Tel: (214) 828-1670

## CERTIFICATE OF SERVICE

I, Greta Crawford, do hereby certify that a true and correct copy of the attached Plaintiff's Motion for Reconsideration is being sent by mail on this date, one original and one copy to the court for filing, and one copy to the Dallas US Attorney for DHS, FBI and OPM, one copy to the DC US Attorney.

Clerk's Office
US District Court for the District of Columbia
333 Constitution Ave., NW
Washington, DC 20001

Mr. Steve Fahey
United States Attorney's Office
1100 Commerce Avenue, 3rd Floor
Dallas, TX 75242-1699
Tel: (214) 659-8600
Fax: (214) 767-2916

Stratton Strand
United States Attorney's Office
Judiciary Center
555 Fourth Street, NW
Washington, DC 20530
Tel: (202)514-8780

Dated this March _/__, 2006.

Signed,

Greta Crawford, Petitioner
5702 Victor St. # 6
Dallas, TX 75214
Tel: (214) 828-1670

7