UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GRETA CRAWFORD,

    Plaintiff,

    v.

OFFICE OF PERSONNEL
MANAGEMENT, et al.,

    Defendants.

Misc. Action No. 05-521 (JDB)

**MEMORANDUM OPINION & ORDER**

On February 22, 2006, the Court denied plaintiff's motion to compel discovery from various government agencies and officers, including the Office of Personnel Management ("OPM"), the United States Attorney's Office for the District of Columbia ("USAO-DC"), United States Investigations Services ("USIS"), the Federal Bureau of Investigation ("FBI"), and Agent Edward Broussard. See Crawford v. OPM, Misc. Action No. 05-521 (D.D.C. Feb. 22, 2006) (Memorandum Opinion & Order) (hereinafter "Crawford Mem. Op."). The facts of this case are set forth fully in that opinion and will not be repeated here. Plaintiff now moves the Court to reconsider its earlier decision.

There is no Federal Rule of Civil Procedure that expressly addresses or mentions motions for reconsideration. Toussaint v. Howard Univ., Civil Action No. 03-1395 at 2 (D.D.C. Nov. 8, 2005) ("Toussaint Mem. Op.") (citing Lance v. United Mine Workers of Am. 1974 Pension Trust, 400 F.Supp.2d 29, 31 (D.D.C. 2005)). Courts typically treat motions to reconsider as motions to clarify, alter or amend decision under Fed. R. Civ. P. 59(e). Id. (citing Lance, 400

F.Supp.2d at 31; Piper v. DOJ, 312 F. Supp. 2d 17, 20 (D.D.C. 2004)).  Such motions are not granted as a matter of course, and are subject to stringent legal requirements.  Specifically, a Rule 59(e) motion must be supported by:  (1) "an intervening change in controlling law"; (2) new evidence that has become available since the court rendered its earlier decision; or (3) a need to "correct clear error or prevent manifest injustice."  Id. at 3 (citing Ciralsky v. Cent. Intelligence Agency, 355 F.3d 551, 671 (D.C. Cir. 2004)); see also Lance, 400 F.Supp.2d at 31 (citing Piper, 312 F. Supp. 2d at 21).  Plaintiffs are not to use Rule 59(e) motions merely as "'opportunit[ies] to reargue facts and theories upon which [the] court has already ruled,'" Toussaint Mem. Op. at 3 (citing Cooper v. Dep't of Justice, 2005 WL 670296 at *2 (D.D.C. 2005) (unreported disposition)), or "vehicle[s] for presenting theories or arguments that could have been advanced earlier," id. (citing Kattan v. District of Columbia, 995 F.2d 274, 276 (D.C. Cir. 1993)).  The alteration of a previously entered order is a rare remedy, and the district court retains "considerable discretion" when it considers a Rule 59(e) motion.  Id. (citing Cooper, 2005 WL 670296 at *2); see also Lance, 400 F.Supp.2d at 31.

     Plaintiff's motion does not satisfy the applicable legal standards.  In her motion to reconsider, plaintiff has merely regurgitated the identical arguments presented in support of her motion to compel discovery.  For the reasons already discussed in detail in this Court's earlier decision, those arguments are unpersuasive, and will not be re-analyzed here.  See Crawford Mem. Op. at 2-7.  Although plaintiff continues to assert that "[t]he Department of Homeland Security and the United States are arguably not the only defendants [in the underlying action currently pending in the United States District Court for the Northern District of Texas]," the docket sheet from that court clearly shows otherwise.  The district judge in that action has not

granted a single one of plaintiff's motions to amend her complaint in order to add as parties those government entities from which she seeks discovery in this Court. Even if, as plaintiff contends, one of her motions to amend remains pending, the Court would not grant plaintiff's motion to reconsider. The motion to amend of which plaintiff speaks has been pending for at least eight months, and the deadline to amend pleadings and join parties has already passed. Moreover, the district judge recently denied a subsequent motion to amend filed by plaintiff that was similar in this regard.

Far from establishing that she has suffered "manifest injustice" as contemplated by Rule 59(e), see, e.g., Cooper, 2005 WL 670296 at *2; Kattan, 995 F.2d at 276, plaintiff's motion only demonstrates confusion regarding the facts of her case and applicable legal principles. For example, plaintiff asserts that "[t]he subpoenas all state that they were issued under Rule 45, and there is no other provision under the Federal Rules of Civil Procedure to issue a subpoena." See Mot. Reconsider. at 2 ¶ 5. This statement is factually incorrect -- the only subpoena that was issued pursuant to Rule 45 is the subpoena issued against the USAO-DC. According to the appendices provided by plaintiff herself, all of the remaining subpoenas (to OPM, USIS, and FBI/Agent Broussard) purported on their face to be issued pursuant to Rule 34. See Crawford Mem. Op. at 2, 4, 5; Pl.'s Appendix to Mot. Consol. & Mot. Compel Broussard & FBI at 4; Pl.'s Appendix to Mot. Compel OPM at 3, 9. Hence, plaintiff's additional argument that she properly subpoenaed Agent Broussard pursuant to Rule 45 cannot be seriously entertained. See Mot. Reconsider at 2 ¶ 6.

Plaintiff's motion also claims that she need not comply with the DOJ's Touhy regulations, stating that she "complied with the administrative provisions governing Merit Board proceedings

under Title 5 of the US Code, and the idea that the plaintiff would again seek administrative ruling under the Administrative Procedures Act under Title 5 of the US Code in an appeal of a Merit Board proceeding is untenable."  See Mot. Reconsider at 2 ¶ 7; see also id. at 1 ¶ 4.  To begin with, this issue has been mooted by the USAO-DC's proactive decision to construe plaintiff's document requests as Touhy requests and to begin processing them as such -- despite the fact that plaintiff's requests are deficient under the regulations.  The Court has already explained this in its earlier decision.  See Crawford Mem. Op. at 4 n.2.  Moreover, plaintiff fails to comprehend that her Merit Board proceeding is separate and distinct from the document requests that she has made with respect to other federal agencies.  See, e.g., Mot. Reconsider at 2 ¶ 7.  It is well-settled that individuals seeking information from government agencies must follow the administrative regulations and procedures established by those agencies.  In the event that the agency's response is perceived as inadequate, the requestor has recourse through the administrative channels provided by the APA.  Plaintiff's personal beliefs regarding the soundness of this legal framework are irrelevant and unpersuasive, and serve only to re-hash arguments already passed upon by the Court.

      The remainder of plaintiff's motion consists of nothing more than bald assertions regarding the relevance of the documents sought and the sufficiency of the agencies' responses to her requests.  See, e.g., Mot. Reconsider at 3 ¶ 8, 4-5 ¶¶ 9, 10.  These exact arguments were fully briefed and considered when the Court rendered its earlier decision.  See Crawford Mem. Op. at 5-6.  Plaintiff's disagreement with the Court's earlier decision is insufficient to warrant the re-opening and reversal of it.  The fact that, in plaintiff's opinion, "[u]nopposed motions are generally granted," Mot. Reconsider at 5 ¶ 11, does not convince the Court that it should

reconsider its denial of plaintiff's motion to seal, and her statement that "[t]he court is only bound by DC circuit [sic] decisions, none of which the court claims expressly resolve whether an agency is a person," id. at 1 ¶ 2, fails to highlight any misstep in the Court's legal analysis.  This is not a case in which the Court has palpably failed to appreciate the legal significance of key facts, or in which the Court's earlier decision rests upon a serious mistake of law.  Plaintiff has offered no new facts or evidence to support her position, and references no intervening change in the law.   In sum, plaintiff merely seeks "'an additional bite[] at the juridical apple' without legal grounds."  U.S. Dep't of State v. Coombs, -- F.Supp.2d --, 2006 WL 508029 at *5 (D.D.C. 2006).  The Court stands by the logic and conclusions of its earlier decision.

Accordingly, upon consideration of plaintiff's motion to reconsider, applicable law, the entire record herein, and for the reasons already detailed in the Court's earlier decision, it is this twenty-first day of March, 2006, hereby

**ORDERED** that plaintiff's motion to reconsider is **DENIED**.

/s/   John D. Bates
JOHN D. BATES
United States District Judge

*Copies to*:

Greta Crawford
5702 Victor Street
Apt. #6
Dallas, TX 75214
214-828-1670
       *Plaintiff pro se*

Stratton Christopher Strand
United States Attorney's Office for the District of Columbia
Judiciary Center Building
555 Fourth Street, NW
10th Floor

Washington, DC 20530
(202) 514-7236
Fax: (202) 514-8780
Email: stratton.strand@usdoj.gov

---

Steve Fahey
United States Attorney's Office for the Northern District of Texas
1100 Commerce Avenue, 3rd Floor
Dallas, TX 75242-1699
Tel: (214) 659-8600
Fax: (214) 767-2916
   *Counsel for government entities*